■ DIME SAVINGS BANK OF WILLIAMSBURGH, Respondent, v FRANK FOLK, Also Known as FRANK S. FOLK, Appellant, et al., Defendants.—In a mortgage foreclosure action, defendant Frank Folk appeals from an order of the Supreme Court, Queens County, dated November 1, 1976, which, inter alia, denied his motion to vacate the judgment of foreclosure and sale entered upon his default. Order affirmed, with $50 costs and disbursements. Appellant has failed to show that plaintiff did not comply with FHA regulations. Rather, the evidence indicates that for five months prior to bringing this action plaintiff diligently tried to contact appellant and work out some solution. In addition, plaintiff alleged, in an affidavit in opposition to the instant motion, that appellant's attorney had spoken to its agent prior to the commencement of this action and had stated that appellant had no objection to the foreclosure. Appellant has not disputed this allegation. Latham, J. P., Rabin, Titone and O'Connor, JJ., concur.

■ DOROTHY FORMAN ENTERPRISES et al., Petitioners, v DEPARTMENT OF STATE OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR 78, inter alia, to review so much of a determination of the Secretary of State of the State of New York, dated December 15, 1976, as, after a hearing, held that petitioner Dorothy Forman had demonstrated untrustworthiness (Real Property Law, § 441-c) and suspended her license for a period of two months, or, in the alternative, imposed a $250 fine. Determination confirmed insofar as reviewed and proceeding dismissed on the merits, with costs. There is substantial evidence in the record to support the finding that Dorothy Forman had demonstrated untrustworthiness when she made racially discriminatory remarks. The penalty imposed was proper (see Matter of Butterly & Green v Lomenzo, 36 NY2d 250). Hopkins, J. P., Martuscello, Margett and O'Connor, JJ. concur.