946

■ In the Matter of THEODORE POLON, INC., Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Liquor Authority which, after a hearing, found that the petitioner had violated subdivision 2 of section 101-bb of the Alcoholic Beverage Control Law, suspended its retail liquor store license for a certain period, and forfeited its bond in the sum of $1,000. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. There is substantial evidence to support the determination. The assertion of mistake is no defense to a violation of subdivision 2 of section 101-bb of the Alcoholic Beverage Control Law where, as here, the petitioner failed to exercise reasonable supervision over an inexperienced employee. Furthermore, the testimony of the respondent's investigator belies any assertion of mistake and such testimony was fully credited. The petitioner's assertion of entrapment has been considered and is wholly lacking in merit. The final contention, that subdivision 2 of section 101-bb of the Alcoholic Beverage Control Law is invalid as a violation of the Sherman Antitrust Act, is also without merit. The statute falls well within the intended scope of the Twenty-first Amendment to the United States Constitution and constitutes State action which does not conflict with the Sherman Antitrust Act (see *Seagram & Sons v Hostetter,* 384 US 35; *Hostetter v Idlewild Liq. Corp.,* 377 US 324; *Parker v Brown,* 317 US 341). Hopkins, J. P., Latham, Shapiro and Mollen, JJ., concur.

■ In the Matter of SHEILA SCHWARTZ, Petitioner, v MARIO M. CUOMO, as Secretary of State, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the respondent Secretary of State, dated December 15, 1976, as, after a hearing, held that petitioner had demonstrated untrustworthiness (Real Property Law, § 441-c) and suspended her real estate salesperson's license for a period of one month. Determination confirmed insofar as reviewed and proceeding dismissed on the merits, with costs. There is substantial evidence in the record to support the finding that petitioner had demonstrated untrustworthiness when she made objectionable and inaccurate remarks intended to encourage racial bias (see *Foreman Enterprises v Department of State of State of N. Y.,* 58 AD2d 801). Hopkins, J. P., Latham, Cohalan and Damiani, JJ., concur.

■ In the Matter of DENNIS STANCO, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Commissioner of the State Department of Social Services, dated June 15, 1976 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue a grant of public assistance to petitioner on the ground that he failed to verify how he managed his excess rent. Determination annulled, on the law, without costs or disbursements, and respondents are directed to restore petitioner's grant of assistance. The local agency submitted no evidence to support its determination, which was apparently based upon a presumption that petitioner has undisclosed resources or income which he is using to pay the difference between his monthly rent and his shelter allowance. "Although the requirements of substantial evidence may vary from case to case, surmise and speculation will never suffice" (see *Matter of Paulsen [Catherwood],* 27 AD2d 493, 495). Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.