■ In the Matter of BARBARA R. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent; DIEANN R., Appellant.—Appeal from an order of the Family Court, King County, dated October 25, 1978, which, after a hearing pursuant to section 1028 of the Family Court Act, *inter alia,* remanded appellant's daughter to the Commissioner of Social Services. Order reversed, on the law, without costs or disbursements, and proceeding remanded to the Family Court for a new hearing to be held before a Judge of the Family Court other than the one who previously presided. Appellant was not permitted to present evidence on her own behalf at the hearing. Appellant was further denied the opportunity to cross-examine an official of one of the supportive services of the court who testified at the hearing. A hearing, in order to accord with due process principles, includes the right to testify and offer evidence *(Matter of Hecht v Monaghan,* 307 NY 461; *Matter of Roy Anthony A.,* 59 AD2d 662; *Matter of Kenneth S.,* 52 AD2d 880). Clearly, appellant's due process rights have been violated and a new hearing must be held in order to give her an opportunity to be heard. At the new hearing, full opportunity for cross-examination of *any* witness who testifies must be provided. Mollen, P. J., Martuscello, Cohalan, and O'Connor, JJ., concur.

■ In the Matter of WILLIAM J. MEZZETTI ASSOCIATES, INC., Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the State Liquor Authority which, after a hearing, found that petitioner had violated subdivision 5 of section 101-bbb of the Alcoholic Beverage Control Law, suspended its retail store license for a certain period and forfeited its bond in the sum of $1,000. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Section 101-bbb of the Alcoholic Beverage Control Law falls well within the intended scope of the Twenty-first Amendment to the United States Constitution and constitutes State action which does not conflict with the Sherman Antitrust Act (see *Matter of Theodore Polon, Inc. v State Liq. Auth.,* 59 AD2d 946). We have considered petitioner's other contentions and find them to be without merit. Gulotta, Shapiro and Margett, JJ., concur.

Suozzi, J. P., concurs in the result, with the following memorandum: The majority holds that section 101-bbb of the Alcoholic Beverage Control Law falls within the scope of the Twenty-first Amendment to the United States Constitution and constitutes State action which does not conflict with the Sherman Antitrust Act. In so holding, the majority relies upon a prior decision of this court *(Matter of Theodore Polon, Inc. v State Liq. Auth.,* 59 AD2d 946). I concur in the result reached by the majority solely on constraint of *Polon.* However, it is my view that section 101-bbb of the Alcoholic Beverage Control Law is violative of the Sherman Antitrust Act and, in that regard, I agree with the well-reasoned opinion of the Supreme Court of California in *Rice v Alcoholic Beverage Control Appeals Bd.* (146 Cal Rptr 585), which struck down a statute virtually identical to the one at bar as violative of the Sherman Antitrust Act.