■ In the Matter of EASTER WARE, Petitioner, v CARMEN SHANG, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State commissioner, dated June 1, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency to deny petitioner's application for public assistance. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to reinstate petitioner's grant retroactive to June 5, 1976. The local agency failed to prove by substantial evidence that the petitioner did, in fact, receive notice of a court hearing at which she failed to appear, or that such notice was properly posted and

mailed (see *Gardam & Son v Batterson,* 198 NY 175; *Matter of Roach v Toia,* 58 AD2d 652). Thus, it was improper to terminate petitioner's grant upon the ground that her failure to appear constituted a failure to cooperate. We also hold that the local agency failed to provide petitioner with proper notice of its discontinuance of assistance. Petitioner's request for a fair hearing was, therefore, not time barred by the provisions of former section 135-a of the Social Services Law, as improper notice of discontinuance tolls the provisions of said section (18 NYCRR 358.3; *Matter of Kantanas v Wyman,* 38 AD2d 849; *Matter of Angelo v Toia,* 61 AD2d 1121; *Matter of Garcia v Blum,* 66 AD2d 781). Under the view of the case thus adopted, we find it unnecessary to pass upon the further issue of the manner and sufficiency of a notice which must be given to a recipient of an impending date where the failure to appear may result in a termination of benefits. Mangano, J. P., Rabin, Gulotta and Margett, JJ., concur.