■ In the Matter of PHYLLIS FOREMAN, Petitioner, v STANLEY BREZENOFF, as Commissioner of the New York City Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated October 30, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioner's grant of public assistance in the category of home relief. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Petitioner did not meet her burden of establishing good cause for her failure to keep a scheduled appointment for an employment referral conference on August 7, 1979. At the hearing the agency's witness stated that he had mailed the petitioner a notice of the referral in July, 1979 (see *Matter of Tillman v Fahey,* 73 AD2d 980; cf. *Matter of Ware v Shang,* 73 AD2d 970 [no witness with knowledge of the purported mailing produced by the local agency]). Indeed, petitioner's inability to adequately explain what had prompted her to demand a fair hearing regarding the instant discontinuance of assistance one day *prior* to the date of her notice of discontinuance provided the State commissioner with ample justification to question her credibility in this and other regards (cf. *Matter of McBride v Blum,* 70 AD2d 595). Accordingly, the commissioner's refusal to credit the proffered explanation that notice of the employment conference had not been received by petitioner until August 17, 1979 was not irrational, and her determination to discontinue assistance was supported by substantial evidence on the record as a whole (see *Matter of Tillman v Fahey, supra*). We find nothing in the present record to indicate that the termination of petitioner's grant of home relief will adversely affect any benefits intended for her minor child (see Social Services Law, §§ 158, 349; see, also, 18 NYCRR 370.3 [g] [3] [4]). This is not a case involving a grant in the category of aid to dependent children (cf. *Matter of Gunn v Blum,* 48 NY2d 58). We have considered petitioner's remaining contentions and find them to be lacking in merit. Lazer, J. P., Gulotta and Cohalan, JJ., concur.

Weinstein, J., dissents and votes to grant the petition to the extent of remitting the matter to the State commissioner for a new hearing, with the

following memorandum: In my view, a remand for a new hearing is necessary due to the numerous lacunae which exist in the transcript of the fair hearing, and which make any meaningful appellate review of that hearing impossible (see *Matter of Robinson v Blum,* 73 AD2d 691). In any event, from what the record does reveal, it appears that respondents have not met the burden of proof required to warrant suspending grants of public assistance. The local agency claimed that in July, 1979, it mailed to petitioner a letter instructing her to report to a CETA program on August 7, 1979. Petitioner's failure to report on that day was the predicate for the discontinuance of public assistance payments. It was petitioner's contention at the fair hearing, however, that she did not receive the letter instructing her to report until August 17, 1979. Indeed, a new appointment was set for petitioner to report to CETA on November 23. Especially in light of petitioner's undisputed assertion that she had never before missed an appointment which she had been directed to keep in connection with public assistance, the burden was on the local agency to satisfactorily counter petitioner's facially valid excuse for failing to keep her appointment (see *Matter of Roach v Toia,* 58 AD2d 652; *Matter of McBride v Blum,* 70 AD2d 595). This case is factually similar to *Matter of Ware v Shang* (73 AD2d 970), in which this court annulled a determination of the State Commissioner of Social Services affirming a determination of the local agency to deny an application for public assistance, on the ground that "The local agency failed to prove by substantial evidence that the petitioner did, in fact, receive notice of a court hearing at which she failed to appear, or that such notice was properly posted and mailed". Furthermore, it is manifest that the actions of respondents herein will result in harm to petitioner's eight-year-old son; absent proof that the child's needs have decreased, he should not be penalized for the actions of his mother (see *Matter of Gunn v Blum,* 48 NY2d 58; *Matter of Gutierrez v Blum,* 73 AD2d 690).