■ In the Matter of ANNE M. SIMMS, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of the respondent Commissioner of the New York State Department of Social Services, dated April 24, 1981 and made after a statutory fair hearing, which affirmed a determination of the local agency discontinuing petitioner's grant of public assistance in the category of home relief for a period of 30 days and until petitioner is willing to comply with the requirements relating to employable public assistance recipients. Petition granted to the extent that the determination of the respondent State commissioner is annulled, on the law, without costs or disbursements, and respondents are directed to restore petitioner's grant of public assistance retroactive to the date of its termination, and proceeding otherwise dismissed on the merits. Respondent State commissioner found that the New York City Department of Social Services (hereinafter local agency), correctly disqualified petitioner from receiving benefits for a 30-day period because she did not provide a valid reason for failing to report for an interview at her income maintenance center for the purpose of evaluating her employability and continued eligibility for home relief benefits (18 NYCRR 385.8 [b]). Petitioner appeared *pro se* at the fair hearing which she had requested to contest the local agency's initial determination. She testified that she did not attend the interview at her income maintenance center, because she had not received notice to attend that interview until after the date of the appointment on account of (1) interference with her mail by persons sharing an apartment with her and (2) eviction proceedings pending against her at the time. No representative of the local agency appeared at the fair hearing to present evidence or to impeach petitioner's testimony. The State commissioner arrived at her determination to uphold the sanctions against petitioner solely on the basis that petitioner's testimony was not credible. Under the circumstances of this case, the State commissioner's determination is not supported by substantial evidence, because a representative of the local agency did not appear at the fair hearing to present evidence in support of its position (see *Matter of Stanco v Toia,* 59 AD2d 946). The burden is on the recipient to establish "good cause" for failing to attend employment-related appointments in order to avoid the sanctions prescribed by the Regulations of the State Department of Social Services (18 NYCRR 385.8 [b] [1] [ii]) for failing or refusing to "accept manpower services and certification" without good cause (see *Matter of Jackson v D'Elia,* 86 AD2d 669; *Matter of Foreman v Brezenoff,* 79 AD2d 1027, affd 54 NY2d 695). However, where, as in the instant case, the issue is whether the recipient received adequate and timely notice of an appointment, the local agency must present evidence at the hearing that it fulfilled its responsibility to mail the notice in a timely fashion (see *Matter of Zembenski v Blum,* 83 AD2d 855; *Matter of Ware v Shang,* 73 AD2d 970; cf. *Matter of Ryan v New York State Dept. of Social Servs.,* 40 AD2d 867) the local agency failed to present such evidence of timely mailing of the notice. Substantial evidence to support the determination of an administrative agency cannot consist of mere surmise and speculation (see *Matter of Stanco v Toia,* 59 AD2d 946, *supra*). The minimum standards of fairness have not been met in light of the failure of the local agency to appear at the fair hearing and present any evidence whatsoever (see *Matter of Roach v Toia,* 58 AD2d 652, 653; *Matter of Cedeno v Lavine,* 46 AD2d 687; *Matter of Del Valle v Sugarman,* 44 AD2d 523, 524). In addition, the State commissioner improperly based the conclusion that petitioner's testimony lacked credibility,

in part, on the information contained in petitioner's reapplication for public assistance, a document dehors the fair hearing record (see 18 NYCRR 358.18 [a]; *Matter of Henny v Weinberg,* 80 AD2d 831). Titone, J. P., Gibbons and Niehoff, JJ., concur.

Thompson, J., dissents insofar as the determination is annulled and votes to confirm that determination and to dismiss the proceeding in its entirety, on the merits, with the following memorandum: In light of petitioner's failure to assert a breach by the local agency of its duty to notify her in a timely manner of a scheduled interview to evaluate her employability status, the record supports the challenged determination of the respondent State commissioner that she failed to provide a reason constituting "good cause" for her failure to keep the appointment.