■ 705 NINTH AVENUE RESTAURANT CORP., Appellant, v STATE LIQUOR AUTHORITY, Respondent.—Judgment, Supreme Court, New York County (Eugene L. Nardelli, J.), entered on or about April 8, 1992, which denied and dismissed petitioner's CPLR article 78 proceeding to annul respondent's determination disapproving its application for an on-premises beer license, unanimously reversed, on the law and facts, respondent's determination is annulled, and the petition is granted, without costs.

On or about October 16, 1990, petitioner, 705 Ninth Avenue

Restaurant Corp., a Spanish-cuisine restaurant, requested a hearing before respondent State Liquor Authority, pursuant to Alcoholic Beverage Control Law § 54 (3), to review the local Board's disapproval of its application for an on-premises beer license. At the hearing, initially scheduled for February 26, 1991, and adjourned by respondent to March 1, 1991, petitioner was informed that it would have to waive the required stenographic recordation or face another adjournment. Petitioner agreed to the waiver, and signed respondent's form stipulating that the Administrative Law Judge's (ALJ) report would be conclusive with respect to the evidence adduced at the hearing.

By notice dated March 26, 1991, respondent denied petitioner's application on the finding of the ALJ that, on March 22, 1989, an employee of petitioner sold an undercover police officer one 12-ounce can of beer for $1.25. The instant article 78 proceeding ensued and, by order entered on or about April 8, 1992, the IAS Court ruled that there was no " 'entire record' " to warrant transfer of the matter to this Court, as required by CPLR 7804 (g), for determination as to whether the administrative decision was supported by substantial evidence. Nevertheless, the IAS Court upheld the post-hearing factual determination underlying respondent's disapproval, and denied and dismissed the petition. This was error.

Under the provisions of CPLR 7804 (g), the IAS Court may rule on questions of law, but any question regarding the substantiality of evidence mandates transfer of the proceeding to the Appellate Division. The absence of the usual stenographic record, waived pursuant to respondent's rules, does not deprive this Court of its mandate to provide initial review whenever a hearing has been held (see, Matter of Dan's Living Room v State of N. Y. Liq. Auth., 31 AD2d 799, affd 25 NY2d 759). Rather, it limits the record to the report of the ALJ, and it is that "record" which must be reviewed, by this Court, to determine whether the administrative determination is supported by the appropriate quantum of evidence. Accordingly, we have deemed this matter to have been fully and properly transferred (see, Matter of D.H.K. Rest v New York State Liq. Auth., 31 AD2d 525, 526, affd 28 NY2d 836; Matter of Dan's Living Room v State of N. Y. Liq. Auth., supra). Upon review thereof, we conclude that respondent's determination is not supported by substantial evidence.

Juana Marrero, petitioner's treasurer, testified that she and an employee, Mercedes Pizzaro, were working on petitioner's premises on March 22, 1989, when three plainclothes police

officers entered, displayed badges, and searched a refrigerator behind the counter, as well as Pizzaro's purse, without consent or explanation. The officers found two cans or bottles of beer in the refrigerator, for which they issued a summons to Pizzaro. Marrero further testified that the beer was used in cooking chicken and rice, and was stored in the bottom of the refrigerator, which also contained vegetables used for cooking. A summons issued by the Criminal Court of the City of New York, and a certificate of disposition which indicated that the charge of unlicensed sale of alcohol had been dismissed and the matter sealed, were marked as hearing exhibits.

No other files, reports, or documents were either marked as exhibits or introduced into evidence at the hearing, and no testimony by any witness on behalf of respondent was taken. The report of the ALJ establishes, however, that he relied upon police reports which alleged that an undercover officer had purchased one 12-ounce can of beer for $1.25, as part of a meal served by Pizzaro. Reference was also made by the ALJ to a police report of 12 additional cans of beer having been photographed and "vouchered as evidence".

While an arresting officer's report may constitute the type of hearsay evidence admissible at an administrative hearing *(see, e.g., Matter of Gray v Adduci,* 73 NY2d 741, 742; *Matter of Hirsch v Corbisiero,* 155 AD2d 325, *lv denied* 75 NY2d 708), the ALJ's reliance upon reports not admitted into evidence was improper *(see, Matter of Margolin v Newman,* 130 AD2d 312, 316, *appeal dismissed* 71 NY2d 844; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181). Respondent presented no witness for the purpose of giving testimony, or to identify the reports or otherwise establish a foundation for their admission into evidence *(see, Matter of Simms v Blum,* 91 AD2d 665). Thus, the reports are not part of the administrative record *(see, Matter of Margolin v Newman, supra),* and the factual determination of the ALJ is annulled as totally unsupported by the record *(see, Matter of Henny v Weinberg,* 80 AD2d 831, 833). Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.