MARIE HARRIS, Respondent, *v.* GEORGE K. WYMAN, as Commissioner of Social Services, et al., Appellants.

Fourth Department, June 1, 1973.

*Louis J. Lefkowitz, Attorney-General* (*Rose D. LaMendola* and *Ruth Kessler Toch* of counsel), for appellants.

*Robert D. Kolken* (*Marilyn Dixon Zahm* of counsel), for respondent.

MOULE, J. In December, 1968 petitioner and her family applied for public assistance under the Aid to Families with Dependent Children plan (AFDC; U. S. Code, tit. 42, § 601 *et seq.*). She was granted assistance in that month and continued receiving aid. In December, 1969 she claimed that she was not receiving the full amount due her. Petitioner requested the Erie County Department of Social Services (Agency) to correct the amount, but this was not done, and on March 3, 1970 she sought a "fair hearing". The hearing was held on April 22, 1970 and the hearing officer declined to take proof of facts occurring prior to the 60-day period immediately preceding the date on which the hearing was requested. The Agency offered to stipulate that petitioner was underpaid $146 for the periods January to June 30, 1969 and September 1 to 30, 1969, but petitioner did not accept the stipulation. The Commissioner, in his decision dated June 11, 1970, found that the Agency had stipulated to underpayments totaling $146 from January through June, 1969 and September 1 to 30, 1969 and that this was satisfactory to the petitioner for the periods covered; that petitioner's request for a hearing was made on March 5, 1970, and that under rule 84.5 of the Rules of the Board of Social Welfare (18 NYCRR 84.5), the Commissioner was without jurisdiction to rule on the adequacy of the grant for December, 1968.

Section 205.10 (subd. [a]) of the Regulations of the Department of Health, Education and Welfare (Code of Fed. Reg., tit. 45, § 205.10, subd. [a]), which mandates fair trials, states that a "*State plan* * * * must provide for a system of fair hearings". (Emphasis supplied.) The hearing took place under State supervision as authorized by the Federal regulations. Section 205.10 (subd. [a], par. [3], subpar. [iii]) of the regulations, in directing that the State plan must allow a claimant reasonable time to appeal from an agency action, implies that a plan could provide for a definite period after which an appeal would not be heard. The State plan containing the 60-day period was determined by the Regional Federal Commissioner to have met the Federal requirements and petitioner made no showing that 60 days was an unreasonably short period in which to appeal the Agency's action.

Section 205.10 (subd. [a], par. [13]) of the Federal regulations and section 358.8 of the Regulations of the New York State Department of Social Services (18 NYCRR 358.8) both direct that, after a decision favorable to a claimant, the Agency must make payments to cover the full additional amount due from the date it first took incorrect action. Because the Federal regu-

lations are *in pari materia* to each other, as are the State regulations, they should be construed together. Read together, the import of the regulations is that a claimant who receives written notice of an Agency determination adverse to him may request a hearing within 60 days thereof and, if he prevails, must receive corrective payments retroactive to the date of such determination, but he is not entitled to any relief if the request for the hearing is made more than 60 days after he receives written notice of the determination. There is nothing in the Federal or State regulations providing for retroactivity to suggest that a claimant must be allowed a hearing regardless of how old the determination complained of may be.

However, appellants failed to take cognizance of rule 84.4, which provided for written notice to every aid applicant and recipient of any action affecting his request for assistance, and of regulation 351.23 (18 NYCRR 351.23), which provided for mandatory periodic redetermination of eligibility for aid in AFDC cases. On the record of the hearing, it is impossible to ascertain when the Agency made its latest periodic determination of petitioner's eligibility prior to petitioner's request for a hearing, or whether petitioner ever received written notice of the original or any subsequent determination. Since regulation 358.3 provided that written notice must be served upon petitioner, we believe that this was necessary to start the period running and the proof should have been received (*Matter of Kantanas v. Wyman,* 38 A D 2d 849). Failure to give notice results in lack of due process (cf. *Goldberg v. Kelly,* 397 U. S. 254).

Because regulation 351.23 provided for periodic redeterminations of eligibility and amount of aid for AFDC recipients, it may be that there were adverse Agency determinations pursuant to the regulation subsequent to December, 1968 of which petitioner did not receive notice and such redeterminations might still be open to review, even if petitioner received written notice of the original determination and it was barred from review. Since we cannot determine whether the request for the hearing was timely, the matter should be remitted to the Commissioner of Social Services for such proof and whether, if the request for a hearing was timely, the claimant received the full amount due her.

DEL VECCHIO, J. P., MARSH, SIMONS and HENRY, JJ., concur.

Judgment unanimously affirmed, without costs, and matter remitted to respondents for further proceedings in accordance with opinion by MOULE, J.