Anthony J. Cerrato, J.
This is a proceeding pursuant to CPLR article 78 to annul a determination of respondent State Commissioner, dated June 24, 1976, which affirmed that part of the determination of respondent Bates which terminated public assistance benefits to petitioner Maxine Grant on the ground that she had nonessential resources (two automobiles) *507 which could be utilized to reduce or eliminate her needs for public assistance and she has refused to liquidate such vehicles.
Preliminarily, this court notes that unlike petitioner Maxine Grant, Eugene Grant has not, from the papers before the court, appealed the determination of respondent Bates to respondent Toia, and thus has not exhausted his administrative remedies.[1] Therefore, the public assistance grant on re-budgeting can exclude him. In addition there is no indication in the "Notice Of Intent To Change Public Assistance Status” that respondent Bates sought to discontinue that portion of the public assistance benefits relating to petitioner’s children.[2] Respondent Toia in his decision does not appear to have considered such a discontinuance, and in fact upheld the agency’s determination to discontinue only Maxine Grant’s public assistance. Accordingly, this court is considering only whether the public assistance grant, can on rebudgeting, exclude Maxine Grant in addition to Eugene Grant.
In support of the petition five arguments are advanced.
Petitioner’s first argument is that the notice of intent to discontinue her public assistance grant was not timely in that it gave petitioner only nine days’ notice of the proposed discontinuance in violation of 18 NYCRR 358.8(a)(1), and 45 CFR 205.10(a)(4)(i)(A).
While it is basic that prior to any reduction or termination of public assistance benefits a recipient must be given timely and adequate notice of the proposed action (Goldberg v Kelly, 397 US 254; Matter of Ryan v New York State Dept. of Social Servs., 40 AD2d 867) there is no indication that the petitioner here in any way suffered as a result of the slight departure from the foregoing regulatory provisions. Significantly, petitioner, at the time of the scheduled fair hearing, did not request any adjournment but instead proceeded to introduce evidence in opposition to the agency’s position and in support of her own. In the opinion of this court, by her actions, *508 petitioner waived any rights as she may have had to complain of the afore-mentioned defective notice.
Similarly, petitioner’s second argument lacks merit under the facts herein. In that argument petitioner stated that the notice of intent to discontinue petitioner’s public assistance grant was defective in that it did not specify the regulation upon which the agency based its action as required by 45 CFR 205.10(a)(4)(i)(B), -nor did it inform petitioner of the availability of legal services to represent her as required by 18 NYCRR 358.3(d). However, by appearing at the fair hearing with counsel and ready to oppose the agency’s case, seeking no adjournment, the petitioner is deemed to have waived any rights she may have had in this regard.
Petitioner’s third claim is that the determination to terminate her public assistance grant due to ownership of two vehicles was made without exploring and analyzing their essentiality to the health or living requirements of petitioner and her family as required by 18 NYCRR 352.15(d).
Whether or not the agency’s employees made the necessary investigation and analysis before sending petitioner the aforementioned notice of termination of the public assistance grant this court need not consider it at this point. The question of whether the two automobiles involved herein were essential to the health, living requirements and/or income production of the family was thoroughly explored at the fair hearing had in this case and petitioner there was given every opportunity to present testimony supporting her position and against the agency’s position. The determination of Commissioner Toia was predicated on that hearing and no challenge has been raised that his determination was not supported by the record.
Petitioner’s fourth argument is that the determination to discontinue petitioner’s public assistance grant on the grounds that her station wagon is a nonessential resource violates both her own and her family’s First Amendment right to the free exercise of religion. Petitioner testified that the station wagon is necessary to transport her family to and from church (they are Jehovah Witnesses). They attend services three times a week in Port Chester, and sometimes convene in Yankee Stadium or Long Island for religious assembly.
Quite candidly, this court stands in awe of the Westchester Legal Service’s ability to conjure up, or perhaps more accurately, construct constitutional arguments on behalf of their deserving clients. However, in this instance the court is of the
*509 view that the constitutional argument advanced lacks merit. Legal Service’s brief notwithstanding, this court knows of no constitutional authority requiring the State to provide petitioner with transportation to and from church. Indeed, as is properly noted, in the memorandum of law submitted on behalf of respondent Toia, the proper position for government to take with respect to religion is a neutral one, neither encouraging nor discouraging its practice. (Epperson v State of Arkansas, 393 US 97.) There has been no showing that petitioner or her family has been denied by the State the right to practice their religion. Certainly, no coercive action has been taken by the State to prevent their religious activity. The choice of traveling long distances to various religious meeting places has been theirs. There is always the option open to them to relocate closer to these meeting places. This court rules that it is not the proper function of the State to accommodate the petitioner and her family by providing them with the means of transporting them to their place of worship —and indeed such activity would violate the establishment of religion prohibition of the First Amendment. (See Engle v Vitale, 370 US 421, 430, 431.) Similarly, there exists no duty, as suggested here, to subsidize petitioner’s ownership of an automobile to enable herself and her family to attend their religious services.
Petitioner’s concluding argument is that the determination of respondents to terminate petitioner’s public assistance grant until the sale of such cars rather than deduct the value of the cars from petitioner’s grant violated 45 CFR 234.11(a). This argument too is without merit.
The above section prohibits restrictions by a local agency on the use of public assistance funds by the recipient. There are however no restrictions imposed on the petitioner here as to how to spend the public assistance aid received under the Federal Aid to Families with Dependent Children Program. The respondents are merely requiring the petitioner to liquidate what they have properly determined to be a resource which is nonessential to the health, living requirements, or the production of income of petitioner’s family. There is no reason to doubt the respondents’ authority to do so and none has been furnished the court.[3]
*510 In conclusion this court confirms the determination of respondent Toia, and the appropriate local agency can rebudget the public assistance grant excluding Eugene and Maxine Grant. The court recognizes that in a very real sense it will be the children who may suffer to some extent by the reduced grant (as their parents will no doubt avail themselves of some of the grant). The fact remains however that this court cannot sanction further public assistance payments to parents who continue to violate the welfare law under which they have benefited.

. In view of the fact that petitioner Eugene Grant failed to exhaust his administrative remedies, this court will consider only the petition insofar as it relates to Maxine Grant and accordingly any reference to petitioner will be to Maxine Grant alone.

. Even if respondents Bates and Toia considered a discontinuance of benefits relative to petitioner’s children it is highly questionable if such a discontinuance could be sustained. (See Matter of Ryan v New York State Dept. of Social Servs., 40 AD2d 867; Matter of Payne v Sugarman, 39 AD2d 720, affd on unrelated ground 31 NY2d 845.)

. It is inconceivable that either Federal or local law supports the claim that petitioner’s family can have and maintain two vehicles while receiving $928 per month in public assistance. Petitioner’s family resides in a city which has public *510 transportation and no satisfactory proof has been tendered to show: (1) that the vehicles are presently needed for employment; and if so (2) that any such employment would reduce the reliance on public assistance.