■ In the Matter of CAROL ANGELO, Respondent, v PHILIP L. TOIA, as Commissioner of the New York State Department of Social Services, et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: The fair hearing requested by petitioner in 1976 and held in July, 1976 was summarily decided against her by the hearing officer without considering the merits of the application, on the ground that because it was made more than 60 days after respondents' denial of assistance in July, 1973, there was *no jurisdiction for a fair hearing under section 135-a of the Social Services Law.* The petition and supporting documents show that prior to and in the year 1973 petitioner had been receiving Medicaid assistance and had been a patient in Strong Memorial Hospital; that she had no independent means of paying for hospital treatment; that she was in need of such treatment and was emotionally disturbed, with psychiatric problems, and unable to protect her rights; and that the hospital advised her that her Medicaid assistance had been terminated. In July, 1973 petitioner applied to respondent Reed for medical assistance, and on July 24, 1973 was notified by letter that her

application was denied, the notice stating as a reason therefor that petitioner had failed to furnish to the department a copy of her divorce decree. That letter did not advise petitioner that she was entitled to be represented at a fair hearing (for review of the department's denial) by counsel or a relative or friend, or that she could appear herself without counsel, or that if she could not obtain counsel for herself, community legal services were available to assist her, as provided by department regulations (18 NYCRR 350.7 [c], 358.3 [a] [c] [d]). Moreover, respondent did not notify the hospital of its decision denying assistance to petitioner, as required by the regulations (18 NYCRR 360.15). When Strong Memorial Hospital, in March, 1976, sought to recover on bills for substantial medical services rendered to petitioner, she applied to respondent Reed for assistance, and upon denial thereof a perfunctory fair hearing was held thereon, resulting in the decision of denial for lack of jurisdiction because petitioner had not sought the fair hearing within 60 days after the denial in July, 1973 (Social Services Law, § 135-a). We agree with Special Term's decision that respondents erred in refusing to grant petitioner a fair hearing on the merits of her 1973 application, because of her failure to seek it within 60 days after the letter of denial of July 24, 1973. Upon the facts in this case, known to respondent Reed from petitioner's application, the failure of respondents to comply with the department regulations above cited tolled the running of the 60-day Statute of Limitations contained in section 135-a of the Social Services Law, so that petitioner's application in 1976 was timely, and petitioner is entitled to a fair hearing on the merits of her 1973 application as directed by Special Term's order (see *Matter of Van Wagner v Van Lare,* 57 AD2d 719; *Matter of Smith v Community School Bd. No. 9, Bronx,* 49 AD2d 766; *Harris v Wyman,* 42 AD2d 27, 29). (Appeal from order of Monroe Supreme Court—art 78.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.