◼ In the Matter of CARMEN GARCIA, Appellant, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated April 4, 1978, and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for child care, lunch and carfare to enable her to attend a specified vocational training school, petitioner appeals from so much of a judgment of the Supreme Court, Kings County, dated June 11, 1978, as dismissed the petition. Judgment reversed insofar as appealed from, on the law, without costs or disbursements,

determination annulled, petition granted, and respondents shall provide petitioner with child care, lunch and carfare allowances. In our opinion the fact that petitioner was attending a school licensed by the New York State Department of Education, and, as appears from this record, had the personal qualifications to benefit from the proposed training, did not automatically entitle her to the benefits requested. The local agency had discretion to review and determine the petitioner's suitability for the program (see *Matter of Priolo v Toia,* 94 Misc 2d 164; *Matter of Rogers v Berger,* 57 AD2d 722; Social Services Law, § 131-a, subd 6; 18 NYCRR 352.7 [e] [1], 404.2 [a], 416.2, 416.4). At bar, however, the agency's denial of petitioner's application was not based upon her personal qualifications; the determination was merely that "[we are] Not approving Beauty Culture Training". There is nothing in this record to show that the determination was rational and based, for example, on a study as to the nature of the industry and employment prospects therein. Under the circumstances, the determination was arbitrary and must be annulled. Our decision is not to preclude respondents, in processing other similar applications with respect to beauty culture programs, from denying such applications either on the ground of lack of personal qualifications of the applicant or unsuitability of the program itself, providing that such determination is based on evidence in the record and is a rational conclusion from such evidence. We conclude that Special Term's denial of the respondents' Statute of Limitations defense (see Social Services Law, § 135-a) is properly before this court even in the absence of a filing of a notice of cross appeal by the respondents; Special Term's rejection of this defense was not embodied in the sole adjudicative provision of the judgment (see *Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482). Respondents did not waive the defense by failing to make the 60-day Statute of Limitations a ground for rejection of petitioner's application (see *Matter of Bozeat v Berger,* 87 Misc 2d 366). However, Special Term was correct when it held that: "The court notes that the limitations of section 135-a of the Social Services Law are inapplicable herein since the alleged notification to petitioner does not appear to meet the requirements to start the running of the statute in that it does not contain notice of availability of a fair hearing *(Kantanas v Wyman,* 38 AD2d 849)." (See, also, *Matter of Laneve v Toia,* 95 Misc 2d 659.) There is no merit to respondents' contention that petitioner waived the notice defect by participating in the fair hearing, etc. Respondents overlook the fact that at the time of the fair hearing petitioner had already been irrevocably prejudiced because the fair hearing was held well after the statutory 60-day period had expired (cf. *Matter of Grant v Toia,* 89 Misc 2d 506). Martuscello, J. P., Titone, Hawkins and O'Connor, JJ., concur.