## (November 26, 1979)

■ In the Matter of VICTORIA PIASECKI, Appellant, v BARBARA BLUM, as Commissioner of New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Ulster County), to annul a determination of the respondent Commissioner of the New York State Department of Social Services, made after a fair hearing, which denied petitioner retroactive home relief assistance. Petitioner applied for home relief assistance from the Ulster County Department of Social Services on December 20, 1977, but her application was denied on the ground the department was unable to verify her residence (18 NYCRR 351.2 [b]). Upon reapplication, she was granted assistance commencing on March 16, 1978, and we are only concerned with the denial of assistance on a retroactive basis for the period January 1 to March 15, 1978. The evidence offered at the hearing on this matter to uphold the agency's position consisted of (1) petitioner's original application; (2) a handwritten paragraph initialed by an investigator of the local department's special investigation unit (SIU) which stated that while two visits were made to petitioner's claimed address, she was not present, and her mother would not let the investigator into the house; (3) an unsigned and uninitialed typed memorandum from SIU reciting essentially the same thing; and (4) the applicable rules and regulations. There are two issues to be resolved. First, was the request for a fair hearing timely and, second, is the decision of the commissioner supported by substantial evidence? An appeal from an adverse agency determination must be requested within 60 days (Social Services Law, § 22, subd 4; see, also, 18 NYCRR 358.5 [a]). It is a statutory time limit and may not be waived by the commissioner (Matter of Garcia v Blum, 66 AD2d 781). However, the notice of denial of any relief must state, among other things, that the applicant has 60 days within which to contest an adverse determination at a fair hearing; that there is a right to counsel; and that community legal services are available to provide counsel (18 NYCRR 358.3). In this case, the notice received by petitioner was defective in that it failed to inform her of her right to counsel and, in addition, incorrectly stated the time limit for requesting a fair hearing to be 30 days. When a notice is defective, as here, the statutory time limit is tolled (e.g., Matter of Angelo v Toia, 61 AD2d 1121) and defects in the notice are not waived by participation in the fair hearing (Matter of Garcia v Blum, supra). Accordingly, this proceeding was timely. Reaching the merits of petitioner's argument, it is our view, after an examination of the record as a whole, that the determination of the commissioner is not supported by substantial evidence. We are so convinced not simply because the evidence presented on behalf of the agency was exclusively hearsay (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176), but because the over-all quality of such evidence is so lacking in persuasive impact that it cannot reasonably anchor the ultimate conclusion that petitioner failed or refused to furnish pertinent information to the investigating agency. The determination must be annulled. Determination annulled, without costs, and matter remitted to the Commissioner of the New York State Department of Social Services for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.