■ In the Matter of MARTIN TOOMEY et al., Appellants, v BARBARA B. BLUM, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Judgment unanimously reversed, without costs, petition reinstated, and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum. Petitioners applied for medical assistance in September, 1976. In determining the amount petitioners would have to "spend down" before receiving aid, the Monroe County Department of Social Services did not allow as a deduction from income petitioners' work-related expenses. This was in accordance with policy mandated by the New York State Department of Social Services. Petitioners joined with others similarly situated and commenced a class action suit challenging this policy in Federal court. In September, 1977 the United States District Court for the Northern District of New York held that the New York policy concerning work-related expenses was contrary to Federal standards and ordered the Department of Social Services to allow such deductions retroactive to June 1, 1977, the date the complaint was filed in Federal court *(Greklek v Toia,* [77 CV-228, N.D.N.Y., Sept. 30, 1977], affd 565 F2d 1259, cert den *sub nom. Blum v Toomey,* 436 US 962). In November, 1977 petitioners requested that respondents conduct a fair hearing concerning whether petitioners' benefits should be corrected retroactive to September, 1976, the date of their original application. In February, 1978, following a fair hearing, the Commissioner of Social Services issued a determination directing that petitioners' assistance be recomputed retroactive only to June 1, 1977, stating that further retroactive relief was inappropriate in light of the Federal court decision. On March 20, 1978 petitioners commenced this CPLR article 78 proceeding to annul the commissioner's determination insofar as it refused to direct recomputation retroactive to September 1, 1976. They asserted that 18 NYCRR 352.31 (e) (1), which provides for correction of underpayments for 12 months preceding the month in which such underpayments are discovered, applies and that the Federal court decision constitutes "discovery" of the error. Special Term dismissed the petition, holding that petitioners were barred from seeking such relief because they failed to request a fair hearing within 60 days of their original September, 1976 application, pursuant to section 135-a of the Social Services Law, which was then in effect. It held that the Department of Social Services granting of a fair hearing and its decision after the fair hearing did not waive its right to raise the failure to

request an earlier fair hearing as a defense to the CPLR article 78 petition. Finally, Special Term held that 18 NYCRR 352.31 (e) (1) does not apply to underpayments resulting from calculations under an invalid regulation and that the Federal Court decision did not give petitioners a new 60-day period within which to request a fair hearing on the issue of underpayments. Special Term did not reach the issue of whether the Federal court decision collaterally estopped petitioners from seeking retroactive corrections beyond June 1, 1977, the date mandated in the Federal court decision. Special Term erred in dismissing the petition. The 60-day limitation of section 135-a of the Social Services Law for requesting a fair hearing does not apply to 18 NYCRR 352.31 (e) (1) requests for retroactive correction of underpayments. For the purpose of this regulation, petitioners' November, 1977 request for retroactive correction of underpayments constituted "discovery" of the underpayment pursuant to 18 NYCRR 352.31 (e) (1). Petitioners assert that the matter must be remitted to Special Term for resolution of the issue of whether the Federal court decision limiting retroactivity to June 1, 1977 collaterally estops retroactive payments before that date. Inasmuch as the appeal is before us, we may decide this issue also (CPLR 7804, subd [g]; *Matter of 125 Bar Corp. v State Liq. Auth. of State of N. Y.,* 24 NY2d 174). Since the Federal court was precluded by the Eleventh Amendment of the United States Constitution from ordering retroactive payment of benefits found to have been wrongfully withheld *(Edelman v Jordan,* 415 US 651, 677-678), it was without jurisdiction to order retroactive payments beyond June 1, 1977. Thus, its decision on retroactivity was not on the merits and does not collaterally estop petitioners from seeking further retroactive relief (see, e.g., *Rudd v Cornell,* 171 NY 114; Siegel, New York Practice, §§ 446, 469). The commissioner's decision finding retroactive relief beyond June 1, 1977 inappropriate in light of the Federal court decision was erroneous as a matter of law (see *Harris v Lavine,* 43 AD2d 894). We have held, however, that "Retroactive reimbursement should be determined in the light of all circumstances of a particular case and should not provide a windfall" *(Matter of Moran v Lascaris,* 61 AD2d 405, 409). Inasmuch as the record before us does not contain sufficient data for us to make that determination, the matter must be remitted to Supreme Court, Monroe County, to consider the appropriateness of retroactive reimbursement. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Dillon, P. J., Cardamone, Doerr, Witmer and Moule, JJ.