OPINION OF THE COURT
Memorandum.
The judgment appealed from and order of the Appellate Division brought up for review should be affirmed, with costs.
*671 The decision of the Federal District Court, which denied petitioners’ request for relief for the period from September, 1976 to June 1, 1977, was based exclusively upon that court’s conclusion that it had no authority to award such relief (Greklek v Toia [77 CV-228, NDNY, Sept. 30,1977], affd 565 F2d 1259, cert den sub nom. Blum v Toomey, 436 US 962; see Edelman v Jordan, 415 US 651; but cf. Holley v Lavine, 464 F Supp 718, affd 605 F2d 638, cert den 446 US 913). Thus, the decision has no. preclusive effect in a subsequent State proceeding brought by petitioners (see Restatement, Judgments 2d [Tent Draft No. 1, 1973], § 48.1, subd [1], par [a]), and it was error for the agency to deny petitioners’ application for retroactive benefits on the ground that the issue had previously been determined against them.
Inasmuch as the agency did not predicate its determination upon petitioners’ failure to comply with the requirements of section 135-a of the Social Services Law (repealed L 1978, ch 473, recodified at Social Services Law, § 22, subd 4), we need not consider whether their claim for retroactive benefits was asserted in an untimely manner (see Matter of Harder’s Express v New York State Tax Comm., 50 NY2d 1050). Indeed, the agency did not invoke section 135-a at all, but instead proceeded to hold a fair hearing and determine petitioners’ claim on the merits. It is only that determination on the merits which is before the court in this article 78 proceeding.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Judgment appealed from and order of the Appellate Division brought up for review affirmed, etc.