OPINION OF THE COURT
Richard D. Rosenbloom, J.
This proceeding is brought pursuant to CPLR article 78 to review a determination by the Commissioner of Social Services denying medical assistance to Edward Pratt. The basis of the commissioner’s action was that the request for a fair hearing was not made within the 60-day period provided by subdivision 4 of section 22 of the Social Services Law.
In November, 1978, Edward Pratt suffered a stroke which resulted in paralysis and loss of speech. On December 12, 1978, Mr. Pratt’s wife, Dorothy Pratt, applied for medical assistance for herjhusband. This application was denied on January 31, 1979 by written notice mailed to Mrs. Pratt. A second application made on May 16, 1979 was thereafter denied on July 17, 1979 by written notice mailed to Mr. Pratt. A third application made on September 4, 1979 was apparently granted and counsel stipulated at the time of oral argument that it was no longer in issue. *229 A fair hearing was requested on October 24, 1980 and the decision sought to be reviewed was made on December 2, 1980.
Petitioner contends that she was not properly notified of the denial of her application or her rights to appeal and that the department failed to assist her in providing and verifying the required information. The commissioner and the department claim that the request for a fair hearing was not timely made and that Mr. Pratt was not eligible for assistance at the time the request was made. Subdivision 4 of section 22 of the Social Services Law provides that an applicant for medical assistance may appeal to the Department of Social Services from a decision of an official within 60 days after the date of the action complained of. Mrs. Pratt’s appeal was not filed within the 60-day period. However, the regulations promulgated by the commissioner in 18 NYCRR 360.15 require that: “Promptly upon the making of a decision, written notification of acceptance or denial shall be sent to each applicant for medical assistance.” In addition, 18 NYCRR 358.3 requires the applicant and the recipient to be informed of their right to a fair hearing and to counsel at the time of any action affecting the receipt of assistance. The notification of denial in July, 1979 was addressed to and presumably mailed to Edward Pratt who was then incapacitated and not to Dorothy Pratt, the applicant.
In the case of Matter of Angelo v Toia (61 AD2d 1121) the commissioner failed to advise an applicant of the availability of representation to assist her at a fair hearing as required by the regulations. The Appellate Division, Fourth Department, held that the commissioner’s failure to comply with his own regulations tolled the running of the Statute of Limitations and that the applicant was entitled to a fair hearing on the merits pursuant to a request filed three years later.
The commissioner’s failure to follow her own regulations in the instant case should be treated in the same manner. Since the notice of denial of the second application was not sent to Dorothy Pratt, the applicant, as required by regulation, the 60-day period for her to request a hearing has been tolled. The court concludes that the commissioner’s *230 decision was affected by an error of law and therefore must be annulled. The commissioner is directed to conduct a fair hearing to consider the merits of the application and to review the remaining contentions raised in the petition.