■ In the Matter of ELENA MELGAR, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of respondent New York State Commissioner of Social Services, dated March 24, 1981, and made after a statutory fair hearing, which affirmed a determination by the local agency to deny the petitioner's application for medical assistance. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and respondents are directed to award petitioner medical assistance in the amount of $296.61. Petitioner was hospitalized between January 8 and January 11, 1979 at the Nassau County Medical Center for a biopsy. At that time, she was unemployed, had no health insurance and no source of income. Petitioner's bill totaled $2,033. On January 24, 1979, petitioner applied for medical assistance. The local agency denied petitioner's application on March 22, 1979, on the ground that she failed to provide the documentation the agency requested. Petitioner reapplied for medical assistance on April 11, 1979. On June 6, 1979, the local agency denied petitioner's second application because it determined that her resources at the time of her hospitalization exceeded the amount the regulations of the New York State Department of Social Services exempt to an extent greater than her hospital bill and because she failed to adequately explain how she had managed financially since October, 1978. Petitioner requested and received a fair hearing. She argued that because the balance in her savings account was less than the exempt amount on the date of her second application, the local agency's rejection of her application was improper. After the hearing, the commissioner concluded that at the time of her hospitalization petitioner's savings account balance was $3,228.20, which exceeded the exempt amount of $2,050 by $1,178.20. The last figure was greater than the Medicaid reimbursement rate for petitioner's hospitalization. At oral argument of the instant proceeding petitioner conceded that the Nassau County Medical Center seeks to recover only $924.87, based on the Medicaid reimbursement rate, and not the full amount of her bill. When petitioner was hospitalized and when she first applied for medical assistance, the balance in her savings account was

$2,678.26. Petitioner's balance did not reach $3,228.26 until February 16, 1979. It remained at $2,678.26 between December 29, 1978 and February 7, 1979. At the time of her hospitalization and her first application, therefore, petitioner's balance exceeded the exempt amount by $628.26 which is $296.61 less than the amount the hospital seeks to recover. Thus, the commissioner's determination that petitioner's available resources at the time of her hospitalization exceeded the exempt amount by more than the $924.87 the Nassau County Medical Center is seeking is not supported by substantial evidence. The department's regulations authorize medical assistance for applicants who meet the statutory and regulatory requirements for such assistance in the month in which medical care or services are provided (18 NYCRR 360.16 [c]). The commissioner was, therefore, correct in holding that petitioner's account balance on the date of her hospitalization, as opposed to the balance on the date of her second application, was controlling. The commissioner, however, overstated the amount in petitioner's savings account at the time of petitioner's hospitalization. Since petitioner had available to her resources which exceeded the exempt amount by $628.26 and the Nassau County Medical Center is seeking $924.87, petitioner is entitled to $296.61 in medical assistance. The fair hearing officer received into evidence a letter from petitioner's mother which asserted that certain funds in petitioner's savings account belonged to the mother. However, the account was in petitioner's name, therefore, substantial evidence supported the commissioner's rejection of the mother's claim. Petitioner provided all the documentation requested and answered all questions posed at her face-to-face interview with the local agency. She also answered the questions asked when she telephoned the agency before her application was denied. During that telephone conversation, the agency's representative did not ask petitioner to provide additional information concerning how she had been managing financially. Petitioner testified that she and her stepfather, who lived with petitioner, shared the cost of rent and food. The agency miscalculated the total amount of petitioner's withdrawals from her savings account during the period under consideration and incorrectly assumed that petitioner's son was living with her. Although the commissioner deemed the financial management issue moot, it is clear that a conclusion that petitioner failed to adequately explain how she managed financially would not be supported by substantial evidence. Further, although petitioner did not request a fair hearing within 60 days as subdivision 4 of section 22 of the Social Services Law mandates, the notice which she received of her right to a fair hearing was defective because it did not refer to the 60-day time limit. Therefore the running of that period was tolled (*Matter of Community Hosp. at Glen Cove v D'Elia,* 79 AD2d 1025). Accordingly, the commissioner's determination should be annulled and petitioner awarded medical assistance in the amount of $296.61. Lazer, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.