■ In the Matter of HEDVIG ZELLWEGER, on Behalf of ROBERT ZELLWEGER, Respondent, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Appellant, et al., Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered February 8, 1988 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the State Commissioner of Social Services denying medical assistance benefits to Robert Zellweger.

On February 28, 1984, respondent Franklin County Department of Social Services (hereinafter the agency) granted an application for medical assistance made by petitioner on behalf of her husband, Robert Zellweger, who had been a nursing home resident since 1979, afflicted with Alzheimer's disease. Shortly thereafter, the agency sent a questionnaire to petitioner, inquiring into her available income and resources *(see,* Social Services Law § 101; 18 NYCRR 351.6). The response identified several bank accounts held by petitioner "in trust for" Zellweger. By notice dated March 21, 1984, and directed to the applicant, Zellweger *(see,* 18 NYCRR 351.8), the agency discontinued his medical assistance due to "excess resources" including the various bank accounts previously noted. Notably, the agency included the full value of each bank account in calculating Zellweger's available resources at $18,800. While the notice further detailed the Zellweger's right to a conference or fair hearing to review the denial, petitioner did not formally request a hearing until June 24, 1986. In the interim, petitioner's further applications for medical assistance on Zellweger's behalf were denied by notices dated March 18, 1985, June 20, 1985 and January 21,

1986.[1] Again, fair hearing in requests were not made until June 24, 1986.[2] Eventually, in July 1986, the agency authorized medical assistance on Zellweger's behalf, effective April 1, 1986.

Thereafter, at petitioner's request, a fair hearing was held relative to the various denial notices. Finding that petitioner failed to make timely hearing requests, the State Commissioner of Social Services determined that he lacked jurisdiction to review the merits of the various denials. Petitioner initiated this CPLR article 78 proceeding to challenge the commissioner's finding that he lacked jurisdiction. Supreme Court concluded that the 60-day limitations period for seeking a fair hearing had been tolled (see, Social Services Law § 22 [4]) and granted the petition for a merits review of all benefit determinations from March 21, 1984 through May 5, 1986. The Commissioner has appealed.

We reverse. The crux of this appeal is whether petitioner timely requested a fair hearing. Pursuant to Social Services Law § 22 (4), a hearing request must be made within 60 days of the adverse agency determination (see, 18 NYCRR 358.5 [a]). This time limitation, however, may be tolled where the local agency fails to accord the applicant proper notice of the reasons for denial and the remedies available (see, Matter of Piasecki v Blum, 78 AD2d 950). Social Services Law § 22 (12) sets forth various notice requirements, including the right to request a fair hearing, the method for so doing and the availability of counsel (see also, 18 NYCRR 358.3). Federal regulations further require the notice to state the reasons and authority for denying an application (see, 42 CRF 435.912, 435.919).

As indicated, the initial March 21, 1984 notice of denial discontinued medical assistance due to "excess resources", with a listing of the various bank accounts held "in trust for" Zellweger. We recognize that this notice was directed solely to Zellweger at the nursing home facility (see, 18 NYCRR 350.1, 351.8 [b]). Given Zellweger's affliction with Alzheimer's disease, this procedure is somewhat questionable, but since petitioner acknowledged receipt of the notice and eventually consulted counsel in December 1984, we discern no impro-

---

1. The November 8, 1985 notice denying petitioner's application for lack of documentation was superseded by a notice of approval dated November 21, 1985. This approval, however, was suspended by notice of January 21, 1986 due to an overage of resources held by Zellweger.

2. Petitioner's hearing requests relative to the March 18, 1985 and June 20, 1985 denials were first made at the August 14, 1986 fair hearing.

priety. Petitioner mainly challenges the notice as misleading because it failed to explain that the discontinuance was based on an assessment of her husband's resources, not her own. She maintains that the agency was remiss in failing to explain that Zellweger's entitlement to medical assistance was not contingent upon petitioner's contribution of resources (see, Social Services Law § 366 [3] [A]). This information was ostensibly required by administrative directive 80-ADM-76, implementing the consent decree reached in *Krygier v Blum* (US Dist Ct, WD NY, May 2, 1979), and commonly referred to as a *Krygier* letter. Petitioner emphasizes that the questionnaire she received specifically directed her to list her available "income or resources" without explaining her *Krygier* rights. Cumulatively, petitioner concludes that her failure to timely request a hearing was directly due to the inadequacy of the notice. The contention is not persuasive.

While we agree, as do respondents, that the ownership of the "Totten" trust bank accounts presents an unresolved question, the fact that petitioner misunderstood the basis for discontinuance did not preclude her from requesting a fair hearing. The March 21, 1984 notice outlined in detail the procedure for review, noted the availability of counsel and specified the regulation supporting the decision.[3] Nor can we agree that a *Krygier* letter was required. A review of this administrative directive substantiates respondents' thesis that a *Krygier* letter is required where the local agency seeks a contribution from the supporting spouse's *income*. The directive does not speak to resources. The notice here at issue was premised on excessive resources, not available income.

Petitioner further contends that the various notices were deficient for failing to explain her support obligations in accord with the consent decree issued in *Brill v Perales* (US Dist Ct, ND NY, Sept. 3, 1985) and implemented in an administrative directive effective August 28, 1985. The notice required by *Brill* essentially replaced and expanded the *Krygier* notice by requiring local agencies to advise the spouse in the community that a refusal to contribute either *income or resources* would not affect the patient's eligibility for medical assistance (see, Social Services Law § 366 [3] [A]). Initially, we observe that the benefits of *Brill*, as explained in the adminis-

---

**3.** Although the notice was defective for failing to specify the 60-day limit for requesting a hearing (see, *Matter of Piasecki v Blum*, 78 AD2d 950), this defect was waived by the failure of petitioner's counsel to raise this specific objection at any juncture in the proceedings under review (see, *Matter of Hopkins v Blum*, 58 NY2d 1011, 1014).

trative directive, extend retroactively to any "currently active cases which were active on or after 8/1/82". The consent decree was actually finalized on September 3, 1985, while the administrative decree was dated August 28, 1985. At neither juncture did Zellweger, who respondents recognize as a *Brill* class member, have a *currently active* medical assistance application. Consequently, petitioner's attempt to apply *Brill* retroactively is unavailing. Petitioner did receive two denial notices after *Brill,* the first of which, dated November 8, 1985, was simply premised on a lack of information. The final denial notice, dated January 20, 1986, was exclusively premised on Zellweger's resources. Since the agency was not seeking a contribution from petitioner's income or resources, a *Brill* notice was not required.

In the final analysis, we find that petitioner was adequately apprised of the basis for each denial and of her rights to a conference or fair hearing. Her failure to timely request a hearing at each stage effectively deprived respondents of jurisdiction to review her present claims. We also note that the request for counsel fees propounded in petitioner's brief is unavailing *(see, Matter of Dvelis v New York State Dept. of Social Servs.,* 146 AD2d 875, 878).

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.