■ In the Matter of ARTHUR STRACK, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. (Proceeding No. 1.) In the Matter of SUSAN MASHTARE, Appellant, v CESAR A. PE-

RALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. (Proceeding No. 2.)—Kane, J. P. Appeals from two judgments of the Supreme Court (Cobb, J.), entered March 9, 1988 and March 14, 1988 in Albany County, which dismissed petitioners' applications, in proceedings pursuant to CPLR article 78, to review the determinations of respondent State Commissioner of Social Services denying petitioners' requests for hearings as untimely.

Petitioner in proceeding No. 1, Arthur Strack, and petitioner in proceeding No. 2, Susan Mashtare, both receive public assistance in the form of Aid to Families with Dependent Children *(see,* Social Services Law § 343 *et seq.).* In the spring of 1986, petitioners' respective County Departments of Social Services (hereinafter the local agencies) advanced petitioners money to help them pay past-due charges on their electric bills *(see,* Social Services Law § 131-s [1]). Petitioners were then informed that each local agency would be withholding a certain amount from their subsequent public assistance checks in repayment for the advances. On April 17, 1986 and April 18, 1986, notices were sent to Mashtare and Strack, respectively, informing them of the specific amount that was to be withheld from their checks. Each notice informed petitioners of their right to request a fair hearing if they disputed the amount withheld and specifically stated that such a request "must be made within 60 days of the date of this notice". Petitioners did request a hearing to review, *inter alia,* the propriety of the recoupments. Both requests were made, however, after the 60-day time period had passed; Mashtare's request was submitted on October 27, 1986 while Strack's was submitted on October 30, 1986. In each case, a fair hearing was conducted, after which respondent State Commissioner of Social Services (hereinafter respondent) determined, *inter alia,* that since petitioners' hearing requests were untimely, he was without jurisdiction to hear the merits of the claims involving the propriety of the recoupments. Petitioners then commenced these CPLR article 78 proceedings. Supreme Court ruled in favor of respondent in both cases and petitioners have appealed.

We affirm. By statute, petitioners were specifically required to file their hearing requests "within sixty days after the date of the action or failure to act complained of" (Social Services Law § 22 [4]).[1] The question before us is when did the 60-day

---

1. This section derives from Social Services Law former § 135-a originally enacted in 1972 (L 1972, ch 681). By Laws of 1978 (ch 473), section 135-a was repealed and recodified as section 22 (4).

time limitation begin to run. Petitioners claim that it did not begin to run until after the completion of the recoupment payments by the local agencies. Therefore, they contend that since the recoupments were still being made at the time of their hearing requests, the time limitation had not yet begun to run. We disagree. We interpret Social Services Law § 22 (4) to mean that the 60-day period commences as of the date of the notices informing petitioners of the change in their benefits. It was at that point that petitioners were clearly made aware of each agency's "action". We have previously implicitly recognized that it is the notice itself that commences the time period *(see, Matter of Zellweger v New York State Dept. of Social Servs.,* 148 AD2d 865; *Matter of Piasecki v Blum,* 78 AD2d 950). A review of the legislative history of Social Services Law § 22 (4) supports our conclusion. "If [the] agency action is adverse to the recipient sixty days is a reasonable time for the recipient to discover the error and request a fair hearing. If no such limitation existed, recipients could appeal months after an adverse agency action and receive a windfall lump sum payment, if the agency action was incorrect" (mem accompanying comments on bills before the government for executive action, May 26, 1972, Governor's Bill Jacket, L 1972, ch 681).[2]

Petitioners also argue that Social Services Law § 22 (4) conflicts with 42 USC § 602 (a) (22), which requires that States "promptly take all necessary steps to correct any * * * underpayment of aid under the State plan". This requirement is embodied by regulation in New York (18 NYCRR 352.31 [f]). Essentially, petitioners claim that since Social Services Law § 22 (4) permits the State to refuse to hear cases which have exceeded the 60-day time period, the Federal law is violated because Social Services Law § 22 (4) serves to limit those underpayments that can be corrected. However, in our view, the Federal law concerns only those instances where the public agency has admitted or concedes that there was in fact an underpayment *(see, Edwards v McMahon,* 834 F2d 796; *Tambe v Bowen,* 662 F Supp 939, *affd* 839 F2d 108). In contrast, proceedings under Social Services Law § 22 (4) do not involve the correction of underpayments but instead serve the purpose of determining whether underpayments did in fact

---

2. The question of untimeliness was never raised at the hearing. Although the parties do not address this point, we note that this court has specifically determined that since the 60-day time limitation is statutory, it may not be waived by respondent *(see, Matter of Piasecki v Blum,* 78 AD2d 950).

occur. Therefore, Social Services Law § 22 (4) does not conflict with 42 USC § 602 (a) (22).

With respect to respondent's contention that Strack's proceeding is now moot because his recoupment payments have been completed, we find the record unclear as to whether Strack was arguing that the recoupment rate was improper or whether the recoupment itself was improper. If he was asserting the former position, then there is no remedy for his injury since the amount has been fully repaid and the controversy is indeed moot (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714). However if it was the latter argument that was made, then his controversy remains viable since he would presumably be entitled to a refund if recoupment was improper. Normally, this would require remittal to Supreme Court (see, Matter of Toomey v Blum, 77 AD2d 802, 803, affd 54 NY2d 669). However, given our conclusion that both petitioners' requests were untimely, remittal is not necessary. We have reviewed petitioners' remaining claims and find them either unpreserved for review or lacking in merit.

Judgments affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.