OPINION OF THE COURT
 

 Chief Judge Wachtler.
 

 Robert Zellweger, the appellant here, is 91 years of age and has suffered from Alzheimer’s disease for the past 20 years. He has resided in a Lake Placid nursing home since 1979. His illness has rendered him incompetent, and he is represented in this appeal by his wife Hedvig, who is 86 years of age. His wife suffers from asthma and was hospitalized for extreme respiratory distress during much of the period that is at issue in this appeal.
 

 The Zellwegers have spent more than $127,000 of their savings to meet Mr. Zellweger’s expenses at the nursing home. As their life savings dwindled, Mrs. Zellweger became increasingly concerned about her ability to support herself and her husband. In December of 1983, at the urging of a hospital social worker, she applied for Medicaid benefits for her husband. At that time, less than $20,000 of the Zellweger’s savings remained and their combined monthly income was approximately $800.
 

 Mrs. Zellweger’s application for medical assistance on her husband’s behalf was granted on February 24, 1984, when she was informed by letter that her husband would be eligible to
 
 *407
 
 receive benefits effective October 1, 1983. On March 31, 1984, however, her husband’s benefits were discontinued because of "excess resources.” The respondent Franklin County Department of Social Services (County) apparently concluded from a disclosure form submitted by Mrs. Zellweger in connection with her husband’s Medicaid application that funds being held in trust for her husband, but not accessible to him, were in fact owned by him and were available for his support. On June 24, 1986, Mrs. Zellweger requested a fair hearing regarding the discontinuance of her husband’s benefits in March of 1984 and subsequent denials of medical assistance by the County in March, June and November of 1985 and January of 1986.
 

 The Commissioner of the Department of Social Services (Commissioner) determined that he was without subject matter jurisdiction to consider the merits of any of the denial notices at issue because Mrs. Zellweger had not requested a fair hearing within the 60-day limitation period (Social Services Law § 22 [4];
 
 see,
 
 18 NYCRR 358.5 [a]). She commenced an article 78 proceeding seeking a review of the Commissioner’s determination. The trial court, "in light of the circumstances of this particular case, including the obvious incompetency of Robert [and] the advanced age and frailty of Hedvig,” decided that the 60-day statutory period should be tolled, and remitted the matter to the Commissioner for further proceedings. The Appellate Division reversed, concluding that Mrs. Zellweger’s "failure to timely request a hearing at each stage effectively deprived [the Commissioner] of jurisdiction to review her present claims” (148 AD2d 865, 868).
 

 We disagree. To be sure, Mrs. Zellweger did not meet the County’s 60-day deadline for requesting a hearing on her husband’s behalf. But the indignation of the Social Services Department (Department) and the County over her failure to meet the 60-day deadline rings hollow in light of their own failure to comply with the law and regulations that govern the conduct of fair hearings. While holding a 91-year-old Alzheimer’s patient and his 86-year-old wife to strict compliance with the statute, the respondents have in this case failed to follow the clear language of their own regulations.
 

 It is uncontested that the County sent the March 1984 notice of discontinuance directly to Mr. Zellweger, who was completely unable to evaluate the information contained in it, and not to his wife, who had actually applied for the benefits
 
 *408
 
 on his behalf. Social Services Law § 22 (12) requires that notice of any action "affecting [the] receipt of assistance or care” be sent in writing to both the recipient and the applicant
 
 (see also,
 
 18 NYCRR 358.3). Mr. Zellweger’s right to a fair hearing on the merits was most certainly prejudiced by the County’s failure to send the notice of discontinuance directly to his wife. We conclude, therefore, that the County’s failure to comply with the clear language of section 22 (12) of the Social Services Law effectively tolled the 60-day limitations period
 
 (see, Matter of Angelo v Toia,
 
 61 AD2d 1121, 1122;
 
 Matter of Pratt v Blum,
 
 111 Misc 2d 228, 229). As a result, Mr. Zellweger is entitled to a fair hearing regarding both the initial discontinuance of benefits and the subsequent notices of denial for the period in question, since the later applications for medical assistance were necessitated by the decision in March of 1984 to discontinue benefits previously awarded. As noted by the trial court, the November 1985 notice of denial was later rescinded and any review of that denial is therefore moot.
 

 Additionally, it would appear that the Department did not comply with 18 NYCRR 358.18, which states that a fair hearing decision "shall be issued as promptly as feasible and within 90 days from the date the request for a fair hearing is received by the department”
 
 (see also,
 
 42 CFR 431.244 [f]). Mrs. Zellweger first requested a fair hearing in connection with the notices of denial in June of 1986. A second hearing concerning a July 16, 1986 notice was requested on July 18, 1986. A fair hearing was conducted in two parts, on August 14, 1986 and September 26, 1986. Yet the Department did not issue its decision until March of 1987, nearly nine months from the initial fair hearing request.
 

 Finally, we would note that the March 1984 notice of discontinuance was defective because it did not alert Mrs. Zellweger to the fact that she needed to request a fair hearing within 60 days. Social Services Law § 22 (12) requires that notice of agency actions affecting the receipt of medical assistance specify hearing rights and procedures. We conclude from the language of this section that any such notice should contain information relating to the time limit for hearing requests. Lower courts have determined that a failure to specify the 60-day period for requesting a hearing tolls the time limit and permits a determination on the merits
 
 (see, Matter of Melgar v D'Elia,
 
 96 AD2d 1101, 1102;
 
 Matter of Piasecki v Blum,
 
 78 AD2d 950).
 

 
 *409
 
 Inasmuch as the record does not indicate a violation of 42 USC § 1983, we find the appellant’s claim for attorneys’ fees to be without merit.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and this matter remitted to the Commissioner of the Department of Social Services for further proceedings and a review on the merits of all determinations denying appellant medical assistance from March 21, 1984 through May 31, 1986.
 

 Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order reversed, with costs, and matter remitted to Supreme Court, Franklin County, with directions to remand to the Commissioner of the State Department of Social Services for further proceedings in accordance with the opinion herein.