John C. Marbach, J.
This is an article 78 proceeding to annul a determination of respondent Planning Board made on June 7,1971, denying final approval of a subdivision application.
The subject premises involves Lots 23 and 31 situated on a cul-de-sac of Hemlock Road. Each lot is located in both the Town of Greenburgh and Village of Ardsley. At a meeting *997 held on February 24,1971, the Planning Board denied the application on the ground approval should have been obtained from Ardsley. Ardsley approved by resolution dated May 19, 1971. The approval recited that Ardsley would provide police, fire and garbage removal and Greenburgh would provide water and sewer services. By letter dated June 3, 1971, the Fire Chief of Ardsley confirmed that it would be happy to give Lots 23 and 31 fire protection, adding that it would be up to the Board of Fire Commissioners of the two concerned districts to assign primary protection of the subject lots to one or to the other fire department.
The Chairman of the Hartsdale Board of Fire Commissioners, by letter dated June 7, 1971, objected to the planning aspects of the subdivision insofar as it had no direct accessibility to or from Ardsley. This letter also detailed other problems which the Hartsdale Fire Commissioners foresaw.
On June 7, 1971, the application again was denied in the following decision:
‘ ‘ The Board turned down the Heather Hill Heights subdivision because of the inability of either the Ardsley Fire Department or the Hartsdale Fire District to adequately provide the necessary fire protection services to the lots in question. Approximately one-half of the properties involved lie within the unincorporated area of the Town of Greenburgh and the incorporated limits of the Village of Ardsley.
‘ ‘ An added factor is the problem arising in the two lots located entirely in the Village of Ardsley. Property owners there and in the lots intersected by the municipal lines would be confused as to which Fire Department to call in emergency situations. A problem would also arise in a possible delay for fire apparatus and equipment being sent to the scene by a relay through the Ardsley Police Department as dispatcher for their local fire services.”
The issue is simply whether the Planning Board may deny the subdivision approval on the above-stated grounds. This court finds that it may not.
Pursuant to section 277 of the Town Law the width and grade of streets may be considered by the Planning Board to facilitate fire protection and access of firefighting equipment. Furthermore, the plots shall be of such character that it can be used safely for building purposes without danger to health or peril from fire. The record in this case indicates that street width, grade and access are clearly sufficient. Lots 24 and 30 which adjoin and have a common property line with the subject Lots *998 23 and 31 have been improved with single-family dwellings and are within the Hartsdale Fire District. The subject lots will have existing fire districts able to service and provide adequate fire protection for the occupants of the subdivision. Indeed, as stated by the Ardsley Fire Chief the main question is a question not of the existence or adequacy of the fire protection but of who will provide the primary protection.
Therefore, while the Planning Board evidences a legitimate concern for the welfare of the proposed residents, this concern exceeded the bounds of its statutory' authority and must be annulled on the record before this court. This court has considered but rejects on the record the allegations by both petitioner and the civic association involved.
Submit order on notice.