■ In the Matter of MARIA KANTANAS, Petitioner, v. GEORGE K. WYMAN, as Commissioner of the Department of Social Services of the State of New York, Respondent.— This proceeding pursuant to article 78 of the CPLR has, by an order of the Supreme Court, Queens County, entered October 9, 1971, been transferred to this court only upon so much of the petition herein as seeks to review respondent's determination, dated November 12, 1970, insofar as it refused "to review the adequacy of petitioner's public assistance grant"; and petitioner's brief to this court has limited the scope of the review to the matter of deductions made prior to June 12, 1970 from the grant to her. Determination, insofar as it is before this court for review, is annulled, on the law, without costs, and respondent is directed to require reimbursement to be made to petitioner in the amount of the deductions made prior to June 12, 1970. Petitioner has been the recipient of public asistance in the form of Aid to Dependent Children since February of 1970. She did not receive the full amount allowable for such assistance because of a determination by the local agency that her husband was contributing $20 a week for her support. After a fair hearing, held pursuant to a letter request dated August 10, 1970, respondent determined that deductions in the amount of the husband's alleged contributions were wrongfully taken prior to June 26, 1970, the date upon which respondent found that the husband's contributions actually commenced. However, respondent ruled that any deductions made prior to June 12, 1970 were not a proper subject of review because they were made more than 60 days prior to the request for a fair hearing. Respondent's determination was made in spite of the fact that no evidence was presented that petitioner was ever notified of the decision to make the deductions. In our opinion, respondent's application of the Statute of Limitations was erroneous. Rule 84.5 of the Rules of the Board of Social Welfare (18 NYCRR 84.5) states that a request for a fair hearing must be made within 60 days after the action complained of has taken place. However, the rule immediately preceding, rule 84.4, requires the social service official to notify a recipient in writing of his right to a fair hearing whenever the official makes any decision adversely affecting the recipient's receipt of assistance or the *amount thereof*. Clearly, then, the Statute of Limitations cannot conceivably start to run until the recipient is apprised in writing of the adverse decision made by the social service official. The construction adopted by respondent is patently inequitable and violative of the due process which must be accorded to recipients (cf. *Goldberg* v. *Kelly*, 397 U. S. 254). Since respondent did not establish his burden of proving by substantial evidence that written notice of the deductions had been given to petitioner, the latter is entitled to reimbursement for all deductions made prior to June 12, 1970. Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of RESIDENTIAL ESTATES, INC., Respondent, v. WALTER J. ZIEMBA et al., Constituting the Planning Board of the Town of Greenburgh, Appellants.— Judgment of the Supreme Court, Westchester County, dated July 22, 1971, affirmed, with $10 costs and disbursements, on the opinion of Mr. Justice Marbach at Special Term. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur. [68 Misc 2d 996.]