In the Matter of SANDRA RICHARDS et al., Respondents, v ABE LAVINE, as Commissioner of Social Services of the State of New York, et al., Appellants.

Third Department, June 5, 1975

*Louis J. Lefkowitz, Attorney-General (Eileen A. Sullivan, Jean M. Coon* and *Ruth Kessler Toch* of counsel), for Abe Lavine, appellant.

*Thomas B. Oakes* for Carroll A. Smythe, appellant.

*Mona Nedlik* and *Rene H. Reixach, Jr.,* for respondents.

MAIN, J. These are appeals from a judgment of the Supreme Court at Special Term, entered November 25, 1974 in Broome County, which, in a proceeding pursuant to CPLR article 78, overturned a determination of the Commissioner of the State Department of Social Services insofar as it ruled that portions of petitioners' income tax refunds for the year 1972 were resources which must be applied directly to reduce *pro tanto* the amounts of their assistance grants otherwise due.

As heads of households, petitioners receive public assistance through the Department of Social Services under the Aid to Families with Dependent Children program. To determine the amount of assistance which they and others similarly situated are to receive, the department estimates each household's regularly recurring needs and subtracts therefrom the income and other financial resources available to meet those needs. In calculating the amount of available income, it makes a projection as to each applicant's Federal income tax liability based upon gross salary and permissible personal exemptions and assumes that an amount approximately equal to this projection will be withheld from the applicant's wages. For each dollar so allocated for tax payments, an applicant is then granted an additional dollar of assistance to provide for his or her needs.

In the present situation, petitioners each received income tax refunds for the year 1972, due in part to makeshift savings plans whereby they claimed fewer than the permissible number of exemptions and in part to over withholding from their wages resulting from the imprecise nature of the tax liability projection method employed by their employers and the department. Since, prior to Special Term's decision in this case, the department modified its policy as to refunds so as to permit petitioners to keep those portions thereof attributable to their savings plans, petitioners' right to retain those sums is not contested here. The question as to what treatment is appropriate for the remaining portions of the refunds is still disputed, however, and constitutes the central issue to be decided on this appeal.

On this issue, the department maintains that those portions of the refunds resulting from the understandably imperfect projections as to petitioners' ultimate income tax liabilities are resources of petitioners which should directly reduce the size of their assistance grants. According to petitioners, however, we should affirm Special Term, which held that these moneys are lump sum payments of earned income "for ser-

vices rendered over a period of more than one month [which must] be prorated on a monthly basis with appropriate exclusions" as required by 18 NYCRR 352.17 (a).

We agree with the department. Clearly, these funds are not "earned income" within the meaning and intent of 18 NYCRR 352.17 (a) which relates to the "receipt of wages, salary, commissions, or profit". Although the original source of these sums was wages or salaries, these amounts were withheld from the paychecks of petitioners who, in turn, were immediately reimbursed therefor by increases in their assistance grants from the department. Accordingly, these portions of the refunds are actually duplications of sums already paid to petitioners, and, as such, they amount to windfalls for which petitioners have incurred no expense other than those which have been considered in determining the size of their 1972 grants. Under such circumstances, the department was amply justified in considering these moneys as resources available "to * * * reduce the need for public assistance * * * and conserve public funds" (18 NYCRR 352.23 [a]), and, since this policy plainly has a rational basis and petitioners have failed to demonstrate how its implementation would reduce by even a small amount the aid to which they are entitled, the determination of the administrative agency should be confirmed *(Matter of Howard v Wyman,* 28 NY2d 434, 438).

Our resolution of this question makes consideration of Special Term's conclusion that this proceeding be maintained as a class action unnecessary.

The judgment should be reversed, on the law and the facts, the determination should be confirmed, and the petition dismissed, without costs.

HERLIHY, P. J., GREENBLOTT, LARKIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, determination confirmed, and petition dismissed, without costs.