■ In the Matter of HOPE FOSTER, on Behalf of Herself and Her Children, Respondent, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Commissioner of the Nassau County Department of Social Services to provide petitioner and her family with a grant of assistance, the county commissioner appeals from so much of a judgment of the Supreme Court, Nassau County, dated July 5, 1979, as (1) set aside his notices of discontinuance of public assistance and denial of public assistance and (2) directed him to restore petitioner's grant retroactive to November 12, 1978. Judgment affirmed insofar as appealed from, without costs or disbursements. The notice of discontinuance of assistance issued by appellant did not conform to the requirements of 45 CFR 205.10 (a) (4) (i) (B) in that it failed to state "the specific regulations supporting [its] action". The notice was therefore ineffective. (See *King v Smith,* 392 US 309 [A State financing plan must conform with rules and regulations promulgated by the Department of Health, Education and Welfare].) Furthermore, appellant's termination of aid to dependent children without consideration of their needs was error. (See, e.g., *Matter of Zabala v Lavine,* 48 AD2d 880.) Rabin, J. P., Cohalan, Margett and Gibbons, JJ., concur.

■ In the Matter of JACOB FUHRER, Appellant, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, Respondent.—Appeal from an order of the Supreme Court, Richmond County, entered October 18, 1979, which adjudged appellant to be in criminal contempt based upon his refusal to answer questions before the Grand Jury and imposed sentence. Order affirmed, without costs or disbursements, on the opinion of Mr. Justice Barlow at Criminal Term. We further note that for the defense of justification to apply, the impending injury (here the alleged loss of appellant's ministry) must clearly outweigh the injury sought to be prevented by statute (here the loss of Grand Jury testimony) (see Penal Law, § 35.05). The balance between similar First Amendment claims and the compelling State interest in criminal investigation has been resolved in favor of the latter *(Matter of Keenan v Gigante,* 47 NY2d 160; *Smilow v United States,* 465 F2d 802, vacated on other grounds 409 US 944). This provides further reason to reject the defense of justification. Damiani, J. P., Gulotta, Margett and Gibbons, JJ., concur. [100 Misc 2d 315.]