In the Matter of GENEVA BETHEA, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services, dated September 1, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency permitting the deduction from other than petitioner's next regularly recurring grant in the category of aid to families with dependent children of certain utility bills. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Petitioner is the recipient of a regularly recurring restricted cash grant in the category of aid to families with dependent children. The

Nassau County Department of Social Services has been paying her monthly utility bills for her and, pursuant to the State commissioner's regulations, is supposed to recoup those payments from her next regularly recurring grant (see 18 NYCRR 352.29 [e]). Due to administrative delays, however, the actual recoupment has at times occurred in periods later than petitioner's next regularly recurring grant following the payment of a utility bill. Insofar as it appears on the present record, on no occasion has more than a single month's utility bill been deducted from her monthly grant. Petitioner requested a fair hearing to determine the validity of these "late" recoupments and, upon its conclusion, the State commissioner sustained the procedure based on the exigencies of accounting procedures and the failure to demonstrate undue hardship. On the record before us, the determination of the respondent State commissioner sustaining this method of recoupment has a rational basis and cannot be said to be arbitrary, capricious or violative of lawful procedure (see *Matter of Bates v Berger,* 55 AD2d 950). The petitioner has failed to demonstrate any palpable prejudice and, while we cannot condone the delays inherent in the present procedure, we can perceive that some delay in recoupment may at times be inevitable. In our view, however, the local agency should make every effort to reduce the time lag in recoupment and should endeavor to comply with the letter of the State commissioner's regulation regarding recoupment. Mangano, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.