## SECOND DEPARTMENT, FEBRUARY, 1980

### (February 4, 1980)

■ HELEN CHICK, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—In a proceeding pursuant to section 618 of the Insurance Law for leave to bring an action against the Motor Vehicle Accident Indemnification Corporation (MVAIC), the appeal is from an order of the Supreme Court, Queens County, dated October 31, 1978, which summarily granted the application. Order reversed, without costs or disbursements, and matter remanded for a hearing consistent herewith. Plaintiff was injured when the taxicab in which she and her husband were

passengers allegedly struck another vehicle in the rear. Plaintiff claims that her brother personally and timely notified an unidentified police officer of the accident as required by statute (see Insurance Law, § 608, subd [b]), although concededly, the police department denies having any record of the accident. Plaintiff also claims she made all reasonable efforts to identify the vehicle involved, its owner and operator, but was unable to do so because she and her husband do not understand the English language. MVAIC counters that taxicabs are required to display identification, which should have been noted by plaintiff or her husband. Neither plaintiff's husband nor her brother submitted affidavits in support of her application. In our opinion, triable issues of fact are presented as to whether the required notification to the police department was given (see *Matter of Edwards v MVAIC,* 36 AD2d 841), and whether all reasonable efforts were made to ascertain the identity of the motor vehicle involved and the owner and operator thereof (see *Matter of O'Rourke v MVAIC,* 29 AD2d 938). Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.