■ In the Matter of RONALD MITCHELL, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. — In a proceeding pursuant to section 618 of the Insurance Law for leave to bring an action against the Motor Vehicle Accident Indemnification Corporation, the appeals are (1) from an order of the Supreme Court, Suffolk County (Wager, J.), dated July 15, 1980, which granted the application without a hearing and (2) as limited by appellant's brief, from so much of a further order of the same court, dated September 16, 1980, as, upon reargument, adhered to the original determination. Appeal from the order dated July 15, 1980, dismissed, without costs or disbursements. That order was superseded by the order granting reargument. Order dated September 16, 1980, reversed insofar as appealed from, without costs or disbursements, order dated July 15, 1980 vacated, and proceeding remitted to the Supreme Court, Suffolk County, for a hearing consistent herewith. Triable issues of fact are presented as to whether a "hit and run" accident occurred (see *Paige v MVAIC*, 34 AD2d 568) and whether the requisite notification was given to the police department (see *Chick v MVAIC*, 74 AD2d 558). Damiani, J. P., Gibbons, Rabin and Margett, JJ., concur.

■ In the Matter of MARIE REGAN, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated October 18, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioner's grant of public assistance on behalf of herself and her two minor children on the ground that she had failed to disclose information relating to her employment. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to restore the benefits in question. Petitioner's alleged misconduct may not serve to deprive her minor children of the assistance they are entitled to receive, without a prior finding of lack of need on their part (see *Matter of Gunn v Blum*, 48 NY2d 58; *Matter of Gutierrez v Blum*, 73 AD2d 690). The notice of discontinuance of assistance issued by respondents did not conform to the requirements of 45 CFR 205.10 (a) (4) (i) (B) insofar as it failed to state "the specific regulations supporting [its] action". The notice was, therefore, ineffective (see *Matter of Foster v D'Elia*, 72 AD2d 813). Although 18 NYCRR 358.9 requires that an investigation be conducted in order to verify the status of a public assistance recipient prior to the issuance of a discontinuance or reduction notice, the record contains no evidence of compliance therewith. We thus find that there is insufficient evidence in the record as a whole to support the determination that petitioner willfully withheld information from the local agency regarding the receipt of income from employment (see *Matter of De Pietto v Toia*, 67 AD2d 663). Damiani, J. P., Gibbons, Cohalan and O'Connor, JJ., concur.