■ In the Matter of BARBARA BATES, Appellant, v BARBARA BLUM, as Commissioner of the New York Department of Social Services, et al., Respondents. — Order of the Supreme Court, New York County (Sinclair, J.) entered July 22, 1980 denying petitioner's application to vacate the determination of the Commissioner of the Department of Social Services rendered after fair hearing, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the petition granted, the determination annulled and the matter remanded to the commissioner for a new fair hearing. We note at the outset that upon the argument we were informed that Barbara Bates,

the petitioner in this proceeding, had died subsequent to the filing of the briefs on this appeal. Michelle Bates, to whom welfare payments on behalf of the infants here involved are now made, has been substituted in her stead as petitioner by stipulation of the parties. For purpose of convenience, we shall continue to refer to Barbara Bates as petitioner. Petitioner was a recipient of benefit payments under the Aid to Families with Dependent Children (AFDC) program. Subsequently, by reason of a leg amputation she became a recipient of Supplemental Security (SSI) while continuing to receive AFDC for her children. Some time in July or August, 1976 she received notice from the Federally subsidized housing project in which she lived that her rent would be reduced by reason of a rent subsidy from the Department of Housing and Urban Development. She was informed that the Department of Social Services would be notified of this subsidy. No such notice was ever received by the department. By consequence, there was no corresponding reduction in her welfare budget. In February, 1977 petitioner was admitted to New York Hospital for a possible leg amputation. Shortly before she entered the hospital a "blue notice" was delivered to her indicating that the department was recouping an alleged overpayment of $880.75. This was to be done in 44 installments commencing in March, 1977 and continuing through June, 1979. The deductions were made from petitioner's AFDC benefit payments. In April, 1979 petitioner demanded a fair hearing to contest the recoupment. The fair hearing was conducted and resulted in a determination that petitioner's claim was barred by subdivision 4 of section 22 of the Social Services Law because the demand for such hearing had not been requested "within sixty days after the date of the action or failure to act complained of". Special Term confirmed this determination. Under the Social Services Law the 60-day period fixed by statute does not start to run until the welfare recipient has received proper notice of the right to a fair hearing. (*Matter of Kipp v Blum*, 80 AD2d 557.) Here, the record is devoid of such proof. Although petitioner testified that she had a recollection of having received a "blue notice" shortly before her entry into New York Hospital, no copy of the notice was found in her file and no copy of the notice was offered or received in evidence at the fair hearing. Nor is there indication of any other notice to petitioner setting forth her right to a fair hearing or the time frame within which such hearing must be requested. In these circumstances we hold that the 60-day limitation imposed by statute is no bar to this proceeding. Accordingly, we reverse and remand for a fair hearing on the merits. Concur — Sandler, J. P., Sullivan, Carro, Markewich and Bloom, JJ.