■ In the Matter of DOROTHY JACKSON, on Behalf of Herself and Her Infant Child, CLAUDIA, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated November 3, 1980 and made after a statutory fair hearing, which affirmed a determination of the local agency to reduce petitioner's grant of public assistance on behalf of herself and one minor child on the ground that petitioner had unilaterally decided to reduce her net applicable income by claiming for tax withholding purposes one exemption less than the number of permissible tax exemptions. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. Petitioner is an employed recipient of a grant of aid to families with dependent children (AFDC) on behalf of herself and one minor child. In determining the amount of

assistance, the respondent local agency considers the amount of available income and compensates the recipient for reasonable work-related expenses, including tax payments (*Matter of Richards v Lavine,* 48 AD2d 204, 205). After petitioner reported to recertify her eligibility and advised the local agency of several cost-of-living adjustments in her salary, the agency notified her that her AFDC payments were to be reduced. The written notice read in pertinent part: "This is to advise you that this department intends to reduce your public assistance grant from 103.50 to 77.85 9/21/80 for the following reason(s): Your earnings have increased and must be budgeted against your needs." At the statutory fair hearing, at which the petitioner was represented by counsel, the agency representative testified that in computing grants for employed recipients, the agency utilizes a standardized formula, which has as one of its factors the actual number of dependents in the household irrespective of the number of exemptions actually claimed by the recipient. Petitioner submitted into evidence three pay stubs showing the amounts actually withheld by her employer in an "average week". On the basis of the amounts shown as actual deductions on the pay stubs, the amount of the grant should have been $98.36 rather than $77.85, which the local agency determined was the proper grant. It was revealed in testimony that the discrepancy is due to the fact that at some previous point of time, the petitioner had elected to reduce the number of claimed exemptions from two to one and had not informed the agency. On cross-examination, she admitted that she had received a tax refund, the amount of which she refused to disclose on the advice of counsel. The respondent State commissioner affirmed the determination of the local agency, stating: "The record in this case clearly shows that the agency has correctly computed the appellant's budget in accordance with the standards set forth in Section 131-a of the Social Services Law and Part 352 of the Regulations of the State Department of Social Services. Accordingly, the determination of the agency to reduce appellant's grant was correct. Although the appellant contends that the withholding of state and federal taxes by her employer are greater than as computed by the agency, this was caused by the appellant having listed her family with one exemption instead of two as she is entitled to do, thus reducing her net applicable income. The appellant thus unilaterally decided to reduce her available income and may adjust same by correcting her exemptions." While the agency's written notice of reduction of assistance should have stated " 'the specific regulations supporting [its] action ' " (*Matter of Regan v D'Elia,* 82 AD2d 890; 45 CFR 205.10 [a] [4] [i] [B]), the notice did not deprive the petitioner of any substantial rights (see *Matter of Herring v Blum,* 68 AD2d 64). Petitioner was represented by counsel at the fair hearing, no claim was made that the notice was inadequate or that she was not fully prepared and the only substantive issue was a question of law[*] (see *Matter of Hopkins v Blum,* 87 AD2d 613, mot for lv to app granted 56 NY2d 506; *Matter of Vickers v Lavine,* 56 AD2d 731). The petitioner may not increase her need for assistance by failing to claim all her permissible exemptions (*Matter of Richards v Lavine,* 48 AD2d 204, *supra; Matter of Flynn v Bates,* 67 AD2d 975, mot for lv to app den 48 NY2d 606). Accordingly the State commissioner's determination that the local agency's computation is correct and that the excess withholding is available income has a reasonable basis and must be confirmed (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; cf. *Matter of Dumbleton v Reed,* 40 NY2d 586; *Matter of Richards v Lavine, supra*). In view of this determination, petitioner's contention that if she

---

[*] Petitioner did not dispute the categories of deductions or the amount of the allowance for basic needs and shelter.

prevails, she is entitled to an award of counsel fees, is moot. Damiani, J. P., O'Connor, Thompson and Bracken, JJ., concur.