■ In the Matter of BARBARA HAIRSTON, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of the respondent State Commissioner of Social Services, dated January 8, 1981 and made after a statutory fair hearing, which affirmed a determination of the local agency to reduce petitioner's monthly grant for Aid to Dependent Children in order to recover utility payments made on her behalf. Petition granted to the extent that the determination is annulled, in the interests of justice, without costs or disbursements, and the matter is remitted to the respondents for further proceedings consistent herewith. Petitioner receives a regularly recurring grant of assistance for her four minor children. Her utility service of gas and electricity is provided by the Long Island Lighting Company (LILCO). In 1978 petitioner was threatened with a shutoff of services for not paying a four-month arrears bill. Pursuant to 18 NYCRR 352.7 (g) (5), the Nassau County Department of Social Services paid the bill and recouped the payment from petitioner's ensuing grant. Thereafter, the agency paid petitioner's ongoing utility bills directly to LILCO and deducted these amounts from petitioner's ensuing regular monthly grants pursuant to 18 NYCRR 352.29 (e). This arrangement was in effect in 1980 when the agency paid petitioner's bills to LILCO for the months of May to August, 1980, which totaled $604.04. The total was unusually high because

LILCO included an adjustment for estimated bills from September, 1979 to July, 1980. On September 15, 1980 the agency issued a notice to petitioner stating erroneously that she received an advance to prevent a shutoff of services, and that pursuant to 18 NYCRR 352.7, it would recoup payments from her at a rate of 10% of her needs per month. Before her requested hearing, however, petitioner received a "fair-hearing summary" which stated the precise facts upon which the proposed reduction was based, and cited the correct authority, 18 NYCRR 352.29 (e). On January 8, 1981 the State commissioner affirmed the agency's determination to reduce petitioner's grant under 18 NYCRR 352.29 (e). She also decided that although the agency was recouping the payments at 10% of petitioner's household needs, it did not have to follow the guidelines of Administrative Letter 80 ADM-39 and 18 NYCRR 352.31 (d), which limit recoupments based on recipient's hardship, since the agency was authorized to deduct the payments directly and was recouping the payments merely to benefit petitioner. Petitioner initiated this proceeding to, *inter alia,* review the determination of the State commissioner. Petitioner's arguments to annul the determination due to inadequate notice and the agency's decision to recoup the payments rather than deduct them directly, are without merit for the reasons stated in *Matter of Hamler v D'Elia* (97 AD2d 411). However, the case at bar differs from *Hamler* on the issue of determining petitioner's hardship. In *Hamler,* after allowing the agency to recoup the recipient's utility payments, the State commissioner directed the agency to reinvestigate the recipient's hardship and adjust the reduction accordingly. No such direction was given in the instant case. When an agency recoups payments from recipient's grants, case-by-case determinations of the recipient's hardship are to be made prior to, and are to form the basis of, establishing the recoupment rate in each individual case (18 NYCRR 352.31 [d] [2]; see 18 NYCRR 352.31 [d] [4], amd as of Dec. 31, 1981; *Matter of Lajara v Berger,* 47 NY2d 792; *Matter of Brennin v Kirby,* 79 AD2d 396, mot for lv to app dsmd 54 NY2d 830). Since the agency waived its right to recover its payments to LILCO directly and decided, as a matter of fairness, to recoup the payments from petitioner's grant instead, the agency, as a matter of consistency, should follow the requirements governing recoupments and consider petitioner's hardship in determining its recoupment rate. Thus this matter should be remitted to respondents so that they may consider whether recouping petitioner's payments at a rate of 10% per month would create an undue hardship on petitioner and if so, to adjust the rate accordingly. Weinstein, J. P., Bracken, Rubin and Boyers, JJ., concur.