■ In the Matter of EDNA HAMLER, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of the respondent State Commissioner of Social Services, dated April 1, 1981, and made after a statutory fair hearing, insofar as it affirmed a determination of the local agency to reduce petitioner's monthly grant for Aid to Dependent Children in order to recover a utility direct payment made on her behalf. Determination confirmed, insofar as reviewed, and proceeding dismissed on the merits, without costs or disbursements. Petitioner receives a regularly recurring grant of public assistance for her six minor children and receives a grant of Supplemental Security Income for herself. Her utility service of gas and electricity is provided by the Long Island Lighting Company (LILCO). In 1977, petitioner was threatened with a shutoff of services for not paying a four-month arrears bill. Pursuant to 18 NYCRR 352.7 (g) (5) the Nassau County Department of Social Services paid the bill and recouped the payment from petitioner's ensuing grants. Thereafter, the agency paid petitioner's ongoing utility bills directly to LILCO and deducted these amounts

from petitioner's ensuing regular monthly grants pursuant to 18 NYCRR 352.29 (e). This arrangement was in effect in 1980 when the agency paid a bill of $1,144.03 to LILCO for the months of August through November, 1980. The bill was unusually high because LILCO included an adjustment for estimated bills from May, 1979 through part of October, 1980. On January 12, 1981 the agency issued a notice to petitioner stating that it had paid the bills and that it was going to recoup the payment at a rate of 10% of her total needs per month ($69.20) pursuant to 18 NYCRR 352.7. At the hearing requested by petitioner, the agency's representative stated that the agency's authority for recovering its payments to LILCO was actually 18 NYCRR 352.29, but since that regulation would allow the agency to deduct the payment in one lump sum, the agency opted to use the recoupment regulation to create less of a hardship for petitioner. Petitioner's representative acknowledged that 18 NYCRR 352.29 (e) authorized the deduction, but disputed the amount. During the hearing, the agency admitted that it did not break down the gas used for cooking. On April 1, 1980, the State commissioner affirmed the determination of the agency to deduct for direct payments made to LILCO under 18 NYCRR 352.29 (e). However, the commissioner stated that the amount to be deducted was not correct. The agency was directed to redetermine the amount to be deducted after seeing if petitioner was eligible for an additional fuel allowance. It was also directed to give petitioner an opportunity to submit evidence to establish undue hardship. Petitioner initiated this proceeding to, *inter alia,* review the determination of the State commissioner. The agency's notice of intent to reduce petitioner's grant did not conform with the requirements of 45 CFR 205.10 (a) (4) (i) (B) insofar as it failed to state "the specific regulations supporting [its] action" (see *Matter of Regan v D'Elia,* 82 AD2d 890; *Matter of Foster v D'Elia,* 72 AD2d 813). However, the citing of an incorrect regulation in the notice of intent is not fatal if there is no material variance between the regulations, and if the precise facts upon which the reduction is based are included in the notices (*Matter of Hopkins v Blum,* 87 AD2d 613, affd 58 NY2d 1011; *Matter of Jackson v Blum,* 91 AD2d 663; *Matter of Herring v Blum,* 68 AD2d 64). In the case at bar, the difference between the two regulations dealt with the method of the agency's recovery, not with the agency's right to recover. The notice stated the precise facts of the case, the correct regulation was stated at the hearing and the petitioner's representative demonstrated familiarity with the correct regulation. Thus petitioner suffered no prejudice from the inadequate notice (*Matter of White v D'Elia,* 80 AD2d 874; cf. *Matter of De Patto v Weinberg,* 75 AD2d 870, app dsmd 51 NY2d 770). Further, since petitioner did not raise the issue of inadequate notice at the hearing, she has effectively waived this ground (*Matter of Hopkins v Blum,* 58 NY2d 1011, *supra; Matter of Summers v D'Elia,* 95 AD2d 184). Since the payments, the hearing, and the determination at issue all predated the effective date of subdivision 3 of section 131-s of the Social Services Law (as it amd Social Services Law, § 131-p, subd 3, Sept. 30, 1981), that statute and its accompanying regulations are not controlling here (cf. 18 NYCRR 352.7 (g) (5), as amd June 30, 1982; *Matter of Bostic v Blum,* 93 AD2d 862). The relevant provision of the Social Services Law did not provide, prior to its amendment, for recoupment of direct payments made by the agency. Thus a direct payment could only be taken as one deduction in the ensuing regular monthly grant. If direct payments were for more than one month, the deductions from the grants were for the same number of months as the bill being paid (18 NYCRR 352.29 [e]). There could be a delay in deducting utility direct payments so long as no more than a single month's utility bill was deducted from a monthly grant (*Matter of Bethea v D'Elia,* 73 AD2d 620). Petitioner argues that since the agency cannot deduct for both the direct payment owed and current direct

payments, it should not be able to recover old direct payments at all. However, the agency is authorized to collect the old four-month direct payments over the next four monthly grants without recovering current direct payments. This will necessarily create a new backlog of four months, but now, under the amended law, the agency will be able to recoup the backlog while recovering direct payments for current utility costs (Social Services Law, § 131-s, subd 3; 18 NYCRR 352.7 [g] [5] [iii]). Thus because of the amended law, the agency will be able to recover the full amount of its direct payments by either the recoupment or deduction method. The State commissioner directed the agency to redetermine the amount due after a reinvestigation of petitioner's possible additional fuel allowances and hardship. Even though recoupment of direct payments is not authorized by the old law, as a matter of fairness the agency should be able to waive the requirements of the old law and recover its direct payments by recoupment, if recoupment creates less of a hardship for petitioner. We have reviewed petitioner's other claims and find them to be without merit. Weinstein, J. P., Bracken, Rubin and Boyers, JJ., concur.