■ In the Matter of LORRAINE BONELLI, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determi-

nation of the respondent New York State Commissioner of Social Services, dated February 6, 1981 and made after a statutory fair hearing, which affirmed a determination of the local agency to reduce petitioner's grant of public assistance on behalf of herself and her two minor children to recover overpayments which allegedly resulted from (1) petitioner's unreported income and receipt of a 1978 tax refund, (2) a duplicate mortgage payment by the agency and (3) the local agency's direct payment of petitioner's utility bills. Petition granted to the extent that those provisions of the determination dated February 6, 1981, which affirmed the local agency's recoupment of the overpayments allegedly caused by petitioner's unreported income, receipt of a 1978 tax refund, and the duplicate mortgage payment are annulled, on the law, without costs or disbursements, and respondents are directed to restore to petitioner any public assistance that may have been withheld for those reasons. Determination otherwise confirmed, petition otherwise dismissed on the merits and the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination with respect to reasonable attorney's fees. The notices of reduction sent to petitioner failed to conform to the requirements of 18 NYCRR 355.3 (b) and 358.8 (a) in that those notices did not inform her of the regulations pursuant to which the recoupment was imposed, the reason for the proposed action, petitioner's right to request a fair hearing, and the circumstances in which her grant would have continued unchanged if she had requested such a hearing. The notices were, therefore, ineffective (see *Matter of Regan v D'Elia,* 82 AD2d 890; *Matter of Foster v D'Elia,* 72 AD2d 813). When the local agency imposed the recoupment in September, 1978, the State commissioner's regulations provided that recoupment of an overpayment caused by a recipient's willful withholding of information could be made only when: "(i) recipients are periodically notified, in the form required by the department and not less frequently than semiannually, that (*a*) they must report changes in income, resources and other circumstances which may affect the amount of the public assistance grant to the local social services agency within 10 days after each change, and (*b*) they must report unexplained increases of a specified amount in their public assistance payments over their prior payments before cashing their public assistance checks. This notification shall indicate the type of information to be disclosed by the recipient and shall include examples of the most frequent types of newly acquired income or resources (*e.g.,* inheritance, wages from part-time job); (ii) the recipient has been advised that he is required to contact the social services agency within 10 days if there is any doubt whether a particular change in circumstances constitutes reportable information; and (iii) the social services agency has obtained periodic formal acknowledgment by the recipient that the reporting obligations have been brought to his attention and that they were understood" (18 NYCRR former 352.31 [d] [3]). The local agency adduced no evidence at the fair hearing that it notified petitioner of her duty to inform it of the tax refund and the unreported income in the manner 18 NYCRR former 352.31 (d) (3) then required. It is well established that strict compliance with the notice regulations is a prerequisite to recovery of overpayments pursuant to 18 NYCRR former 352.31 (d) (2) (*Matter of Curry v Blum,* 73 AD2d 965). In addition, the local agency failed to establish a lack of need on the part of petitioner's children and it could not, therefore, terminate their grant due to the petitioner's alleged willful withholding of information (see *Matter of Gunn v Blum,* 48 NY2d 58; *Matter of Bodden v Blum,* 89 AD2d 588). The notice the local agency issued concerning its intent to recoup the overpayments which resulted from its direct payment of petitioner's monthly utility bills did conform to the State commissioner's regulations. That aspect of the commissioner's determination "is neither arbitrary nor capricious and is supported by

substantial evidence appearing on the record considered as a whole" (*Matter of Bostic v Blum,* 93 AD2d 862). Inasmuch as the petitioner has been successful on her claim, which is cognizable under section 1983 of title 42 of the United States Code, the case must be remitted to Special Term to afford respondents an opportunity to demonstrate whether special circumstances exist which would bar an award of counsel fees (see US Code, tit 42, § 1988; *Matter of Johnson v Blum,* 58 NY2d 454) and, if not, to fix a reasonable fee in accordance with the guidelines set forth in *Matter of Rahmey v Blum* (95 AD2d 294). Gulotta, J. P., O'Connor, Bracken and Brown, JJ., concur.