■ In the Matter of LUCY COLLINS, Petitioner, v JOSEPH D'EL-IA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services (hereinafter the State commissioner), dated February 28, 1983, and made after a statutory fair hearing, which affirmed a determination of the local agency that petitioner was employable "with the restriction of no heavy lifting".

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

We conclude that there is substantial evidence in the record to support the determination of the State commissioner that petitioner was employable, subject to the restriction that she not engage in heavy lifting, and was, thus, required to accept employment referral and training services as a condition of her continued eligibility for benefits under the Aid to Dependent Children (ADC) program (see Social Services Law, § 131, subd 5; § 350-e). The State commissioner concluded that the competent and credible evidence adduced at the fair hearing failed to substantiate petitioner's contention that she was unemployable by virtue of a "medically determined physical or mental impairment" (18 NYCRR 385.1 [a] [6]). The only medical evidence supporting petitioner's claim for an exemption from the work requirements is a report completed by a resident physician who examined her on one occasion in a hospital ambulatory clinic. Although such a medical report is admissible in this administrative proceeding despite its hearsay character (see *Richardson v Perales,* 402 US 389, 402), the ambiguous statements contained therein cannot serve as a basis for finding that petitioner's heavy menstrual bleeding totally prevents her from working in any capacity, without further explanation (see *Landess v Weinberger,* 490 F2d 1187, 1189). Petitioner's own testimony demonstrated that her menses interfered with her daily activities for several days per month, at the most. Therefore, the State commissioner could reasonably conclude that petitioner failed to sustain her burden to establish that she was incapacitated by a physical impairment which "shall be expected to exist for a continuous period of at least 30 days" (18 NYCRR 385.1 [a] [6]; cf. *Matter of Jackson v D'Elia,* 86 AD2d 669).

The fact that the State commissioner credited the opinion of the agency medical director who did not personally examine petitioner, a practice which has generally been criticized by this court (see *Matter of Jones v D'Elia,* 78 AD2d 890; *Matter of Greenwalt v D'Elia,* 76 AD2d 836), does not require a different result under the circumstances at bar. The State commissioner's determination should be confirmed on the alternative ground discussed above, namely, petitioner's failure to present sufficient evidence that her health problem prevented her from fulfilling the employment and training requirements of the ADC program (see 18 NYCRR 385.1 [a] [6]; cf. *Matter of Coffey v D'Elia,* 61 NY2d 645). In view of the nature and quantum of the evidence in the record before the agency presented in support of petitioners' claim for a medical exemption from the work requirements, "it cannot be said that the determination under review was not rationally based upon evidence of a substantial nature" (*Matter of Coffey v D'Elia, supra,* p 648).

Although, the agency's notice of employability status should have specified the regulatory provisions supporting the determination that petitioner was employable (*Matter of Bonelli v Blum,* 97 AD2d 821, 822; *Matter of Regan v D'Elia,* 82 AD2d 890), this omission did not deprive her of any substantial rights. The notice, otherwise, adequately informed petitioner of the reason for the agency's determination, which she was fully prepared to challenge at the fair hearing (see *Matter of Jackson v Blum,* 91 AD2d 663, 664; *Matter of Hopkins v Blum,* 87 AD2d 613, affd 58 NY2d 1011). Moreover, petitioner waived her right to challenge the adequacy of the notice she received from the agency in the instant proceeding, as she failed to raise that issue during the fair hearing (see *Matter of Hopkins v Blum,* 58 NY2d 1011, 1014, *supra; Matter of Summers v D'Elia,* 95 AD2d 184, 188; *Matter of Jackson v Blum, supra,* p 664). Titone, J. P., Bracken, Boyers and Lawrence, JJ., concur.