**107** In the Matter of SHELIA BRYANT, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Judgment unanimously reversed on the law without costs and petition granted. Memorandum: Petitioner requested a fair hearing to challenge the discontinuance of her public assistance, medical assistance and food stamps. After the hearing, the Commissioner reversed that part of the local agency's determination regarding petitioner's food stamps, but declined to review the merits of the discontinuance of public assistance and Medicaid because the request for the fair hearing was not made within 60 days of the date of the notice of discontinuance.

Petitioner brought this CPLR article 78 proceeding to challenge the Commissioner's determination concerning her public assistance and medical assistance. Supreme Court dismissed the petition. Petitioner contends on appeal that the 60-day period afforded to a social services recipient in which to request a fair hearing (see, Social Services Law § 22 [4] [a]; 18 NYCRR former 358.5 [a]) begins to run from the effective date of the action. We disagree. The 60-day Statute of Limitations begins to run when the recipient receives written notice of the agency's determination (see, Matter of Bates v Blum, 86 AD2d 563; Harris v Wyman, 42 AD2d 27; Matter of Kantanas v Wyman, 38 AD2d 849; see also, Matter of Strack v Perales, 151 AD2d 903, lv denied 75 NY2d 703).

Nevertheless, we find that the discontinuance notice sent to petitioner was defective because it failed to cite the regulation upon which the agency determination was based (see, 45 CFR

205.10 [a] [4] [i] [B]; *see also, Matter of Hopkins v Blum,* 58 NY2d 1011; *Matter of Bonelli v Blum,* 97 AD2d 821; *Matter of Regan v D'Elia,* 82 AD2d 890; *Matter of Ector v Blum,* 80 AD2d 931; *Matter of Foster v D'Elia,* 72 AD2d 813). A defective notice effectively tolls the applicable Statute of Limitations *(see, Matter of Zellweger v New York State Dept. of Social Servs.,* 74 NY2d 404, 408; *Matter of Piasecki v Blum,* 78 AD2d 950; *Matter of Angelo v Toia,* 61 AD2d 1121). Thus, petitioner's request for a fair hearing was timely, and the Commissioner erred in ruling that he was without authority to review the merits of petitioner's claim. The determination must, therefore, be annulled. Ordinarily, we would remit to the Commissioner to review the merits *(see, Matter of Zellweger v New York Dept. of Social Servs., supra,* at 409) but on this record it is unnecessary to do so. The proof adduced at the hearing fully supports the Commissioner's determination to reverse the local agency's decision to discontinue petitioner's food stamps. The same proof supports reversal of the local agency's decision to discontinue petitioner's public assistance and medical assistance, and it is clear from the Commissioner's decision that, but for the timeliness issue, the Commissioner would have so found.

Petitioner's benefits were terminated effective August 31, 1988, but, upon reapplication, were reinstated. It is unclear, however, whether reinstatement was effective on September 19, 1988 or on October 19, 1988. In either event, petitioner's benefits must be restored for the period during which they were discontinued.

Since the record reveals no violation of 42 USC § 1983, petitioner is not entitled to an award of counsel fees *(see, Matter of Zellweger v New York State Dept. of Social Servs., supra,* at 409). (Appeal from judgment of Supreme Court, Monroe County, Curran, J.—art 78.) Present—Dillon, P. J., Doerr, Boomer, Davis and Lowery, JJ.