■ In the Matter of ROBERTA JANES, Appellant, v ROBERT DOAR, as Commissioner of New York State Office of Temporary and Disability Assistance, et al., Respondents. [798 NYS2d 831]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered January 7, 2004 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is granted in part and the matter is remitted to respondent Commissioner of Onondaga County Department of Social Services for further proceedings in accordance with the following memorandum: We agree with petitioner that Supreme Court erred in dismissing her petition seeking, inter alia, to annul the determination of respondent Commissioner of Onondaga County Department of Social Services (OCDSS) denying her individual application for safety net assistance (*see generally* Social Services Law § 157 *et seq.*). As a preliminary matter, we note that, as petitioner correctly contends,

the statute of limitations did not apply to deprive respondent Commissioner of New York State Office of Temporary and Disability Assistance of jurisdiction to review the determination of respondent Commissioner of OCDSS dated November 7, 2002. Respondent Commissioner of OCDSS cited 18 NYCRR 352.30 as the basis for his determination that petitioner's children and their father also had to apply for safety net assistance and that petitioner could not apply as an individual. Although that regulation as amended now supports the determination, we note that the version of section 352.30 (a) in effect at the time of the determination in fact allowed the applicant for public assistance to determine the number of persons in the household to be considered for public assistance. Thus, because the determination was erroneous, the notice thereof to petitioner was defective, and the statute of limitations with respect to petitioner's application was thereby tolled (*see Matter of Bryant v Perales*, 161 AD2d 1186, 1186-1187 [1990], *lv denied* 76 NY2d 710 [1990]; *see also Matter of Hopkins v Blum*, 58 NY2d 1011 [1983]). "Ordinarily, we would remit to the Commissioner [of New York State Office of Temporary and Disability Assistance] to review the merits [of the November 7, 2002, determination] . . . but on this record it is unnecessary to do so" (*Bryant*, 161 AD2d at 1187).

Respondents contend that administrative directive 01 ADM-3 was sufficient authority to deny petitioner's individual application for safety net assistance. We disagree. Contrary to respondents' contention, the provisions of Social Services Law §§ 131-c and 158 and 18 NYCRR 350.2, 370.2, and 370.4 do not vest respondents with the requisite authority to treat applicants for safety net benefits differently from applicants for family assistance benefits. Because we can discern no rational basis for respondents' interpretation of the relevant statutes and regulations for the creation of the administrative directive that petitioner may not apply as an individual for safety net assistance (*see generally Matter of Marzec v DeBuono*, 95 NY2d 262, 266 [2000], *rearg denied* 96 NY2d 731 [2001]), and because that administrative directive conflicts with the express language of 18 NYCRR former 352.30 (a), we conclude that the administrative directive is unreasonable and that 18 NYCRR former 352.30 (a) controls (*see generally Matter of Harbolic v Berger*, 43 NY2d 102, 109 [1977]; *Ostrer v Schenck*, 41 NY2d 782, 785-786 [1977]). We therefore grant the petition in part by annulling the determination, and we remit the matter to respondent Commissioner of OCDSS for a de novo determination of petitioner's individual application for safety net assistance as of November 17, 2002, the date on which petitioner's public assistance benefits

were discontinued. If it is determined that petitioner is eligible from that date, we note that petitioner may subsequently become ineligible owing to statutory time limitations (*see* Social Services Law § 159) or as a result of an adverse determination by OCDSS concerning her continuing eligibility (*see* 18 NYCRR 370.5). Present—Hurlbutt, J.P., Scudder, Martoche, Pine and Lawton, JJ.