■ In the Matter of RENEE BRYAN, Respondent, v ROBERT DOAR, Appellant, et al., Respondent. [832 NYS2d 659]—

In a proceeding pursuant to CPLR article 78, inter alia, to review so much of a determination of Robert Doar, Commissioner of the Office of Temporary and Disability Assistance, dated December 3, 2004, as, after a hearing, found that he lacked jurisdiction to review the computation of the petitioner's public assistance benefits by the Nassau County Department of Social Services for the period prior to October 29, 2001, Robert Doar appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Joseph, J.), entered October 12, 2005, as denied that branch of his motion which was to dismiss the petition on the ground that

the petitioner's request for a fair hearing was untimely, granted that branch of the petition which was to annul so much of the determination as found that he was without jurisdiction to review the computation of the petitioner's public assistance benefits for the period prior to October 29, 2001, and remitted the matter to the Nassau County Department of Social Services to recompute the amount of public assistance benefits owed to the petitioner from July 1993 to October 29, 2001.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioner resides with her three minor, dependent children and her niece, Shantel Green. Green has resided with the petitioner since 1990, shortly after her birth. From 1990 through 1993, Green received public assistance from the Nassau County Department of Social Services (hereinafter the Agency) based on her parents' death. In July 1993 the petitioner applied for public assistance on behalf of herself and her oldest daughter who was born a few years earlier. Thereafter, from July 1993 through March 2003, the petitioner and her children received public assistance under the same case as her niece Green. The Agency computed the amount of the petitioner's public assistance by including as household income the social security income that Green had been receiving as a result of her parents' death.

In March 2003 the petitioner learned that her benefits would have been greater if her niece and her niece's social security income were not included in her case. At that time, the Agency granted the petitioner's request to remove her niece from her case. She subsequently requested an underpayment adjustment retroactive to 1993, but the Agency failed to provide such a retroactive adjustment. Thus, the petitioner requested a fair hearing before Robert Doar, Commissioner of the Office of Temporary and Disability Assistance (hereinafter the appellant), to review the Agency's failure to issue an underpayment adjustment.

At the fair hearing, the Agency asserted that the petitioner's request for a fair hearing was not timely as it was not made within 60 days of the Agency's notice to the petitioner indicating that Green was included in the petitioner's case since 1993 (see Social Services Law § 22 [4] [a]). However, the only notice produced by the Agency regarding how it computed the petitioner's benefits was dated August 29, 2001. The notice stated that the petitioner's benefits were temporarily reduced due to her failure to keep an employment appointment. It contained a section on how her benefits were computed, and

indicated that her niece as well as her niece's social security income were included in the petitioner's case. The notice alerted the petitioner of her right to challenge the Agency's computations within 60 days of the notice if she disagreed with them, but it did not cite any regulatory authority for her niece's inclusion in her case.

In a written determination dated December 3, 2004, the appellant found, inter alia, that he was lacking in jurisdiction to review the adequacy of the petitioner's benefits for the period prior to October 29, 2001. The appellant found that the Agency's notice dated August 29, 2001, sufficiently notified the petitioner that since 1993 the Agency had included the niece within the petitioner's household for purposes of calculating public assistance benefits. Since the petitioner failed to request a fair hearing on the matter within 60 days of the Agency's notice dated August 29, 2001, the appellant found that he lacked jurisdiction to review the Agency's computations for the period prior to October 29, 2001. However, the appellant held that he had jurisdiction to review the Agency's computations of benefits after October 29, 2001. He determined that the computations of the petitioner's benefits for the period of October 29, 2001, through March 2003 were incorrect because the Agency failed to inform the petitioner during that period that she could maximize her benefits by removing her niece from her case.

The petitioner commenced this CPLR article 78 proceeding challenging so much of the appellant's determination as found that he was without jurisdiction to review the Agency's computations prior to October 29, 2001. The Supreme Court, inter alia, granted that branch of the petition which was to annul so much of the appellant's determination as found that he was without jurisdiction and the court remitted the matter to the Agency to recompute the amount of public assistance benefits owed to the petitioner from July 1993 to October 29, 2001.

Contrary to the appellant's contention, the Supreme Court properly held that the 60-day statute of limitations period for requesting a fair hearing was effectively tolled (*see* Social Services Law § 22 [4] [a]; *Matter of Zellweger v New York State Dept. of Social Servs.*, 74 NY2d 404, 408 [1989]; *Matter of Bryant v Perales*, 161 AD2d 1186 [1990]; *Matter of Kantanas v Wyman*, 38 AD2d 849 [1972]). The Agency's notice dated August 29, 2001, was defective and did not trigger the 60-day limitations period because it did not state any regulatory authority for including Green in the petitioner's public assistance case (*see Matter of Bryant v Perales, supra; Matter of Regan v D'Elia,*

82 AD2d 890 [1981]). Unlike the cases relied on by the appellant (*see Matter of Collins v D'Elia*, 104 AD2d 1035, 1036 [1984]; *Matter of Herring v Blum*, 68 AD2d 64, 66-67 [1979]), this defect in notice was prejudicial to the petitioner. The Agency produced no evidence that the petitioner was informed that she could maximize her benefits by excluding the income of nonlegally responsible relatives, even though, as the appellant's written determination acknowledges, New York State Department of Social Services Administrative Directive 82 ADM-75 requires local agencies to so advise applicants and to document in the case record that such information was fully explained to the applicant. Indeed, the petitioner testified that she was told by case workers in 1993 that her niece and her income were *required* to be included in her case and household.

Accordingly, the Supreme Court, inter alia, properly granted that branch of the petition which was to annul so much of the appellant's determination as found that he was without jurisdiction to review the computation of the petitioner's public assistance benefits for the period prior to October 29, 2001. The court properly remitted the matter to the Agency to recompute the amount of public assistance benefits owed to the petitioner from July 1993 to October 29, 2001. Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.