In the Matter of THERESA CANNALONGA, Appellant, v ROBERT DOAR, as Commissioner of the Office of Temporary and Disability Assistance of the New York State Department of Family Assistance, et al., Respondents. [858 NYS2d 152]—

Order, Supreme Court, New York County (William A. Wetzel, J.), entered March 23, 2007, which denied petitioner's application seeking, inter alia, to annul the determination of respondent New York State Office of Temporary and Disability Assistance (OTDA), made after a fair hearing, upholding the determination by respondent City Human Resources Administration (HRA) denying petitioner's parent-only application for public assistance, and dismissed the petition, unanimously affirmed, without costs. Order, same court and Justice, entered April 9, 2007, which denied petitioner's application for class certification, unanimously affirmed, without costs.

In August 2005, shortly after the birth of her daughter, petitioner, who at all relevant times has lived with her daughter and the latter's father, filed an application seeking temporary public assistance benefits for herself only, since her daughter's financial needs were being met by the daughter's father. While Social Services Law § 131-a (1) generally requires that public assistance be provided to "needy persons who constitute or are members of a family household," and while Social Services Law

§ 131-c (1) specifically requires that when a minor applies for public assistance, all siblings and parents residing with him or her "also apply for assistance and be included in the household for purposes of determining eligibility and grant amounts," the statute contains no provisions specifically requiring a parent applying for public assistance to include other household members in his or her application. Indeed, prior to December 2001, OTDA permitted parents living with minor children to make "parent-only" applications for benefits (*see Matter of Janes v Doar*, 20 AD3d 914 [2005]). Effective November 1, 2003, OTDA's Commissioner adopted a rule amending 18 NYCRR 352.30 (a) to require any applicant for public assistance to "include his or her minor dependent children in the application." We reject petitioner's argument that the amendment is inconsistent with section 131-c and that OTDA therefore lacked authority to promulgate it. The challenged amendment permissibly goes beyond the text of the legislative product to fill in an interstice in section 131-c (1) in a manner not inconsistent with its language or underlying purpose that, as indicated in section 131-a (1), eligibility for and the amount of benefits be determined on a "family household" basis (*see Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib.*, 2 NY3d 249, 254 [2004]). Petitioner's additional argument, that requiring inclusion of minor children in a parent's application inverts the support relationship between parent and child in violation of Social Services Law § 101, is unpersuasive as such inclusion does not impose a support obligation on children but merely treats the family as an economic unit. We note that when a minor is the applicant, section 131-c (1) requires inclusion of all minor siblings in the application even though there is no statutory support obligation between siblings, and even though some siblings may receive child support earmarked for them while others do not. We have considered petitioner's other arguments, including that the challenged amendment was not adopted in compliance with State Administrative Procedure Act §§ 202 and 203, and that the regulation was subsequently amended to delete the challenged amendment, and find them unavailing. In view of the foregoing, the motion for class certification is academic. Concur—Lippman, P.J., Andrias, Nardelli, Acosta and DeGrasse, JJ.