■ EVGENY "GENE" FREIDMAN, Appellant, v NEW YORK CITY TAXI AND LIMOUSINE COMMISSION et al., Respondents. In the Matter of GREATER NEW YORK TAXI ASSOCIATION, Appellant, v NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, Respondent. [31 NYS3d 44]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered July 1, 2014, which denied the CPLR article 78 petition seeking to, among other things, annul the determination of respondent New York City Taxi and Limousine Commission (TLC), dated March 31, 2014, requiring all medallion owners to pay a taxi accessibility fee of $260 per medallion for the third year of the accessible dispatch program; and order, same court (Melvin L. Schweitzer, J.), entered August 11, 2014, which denied plaintiff's motion for class certification, and granted the cross motion of the TLC defendants and the cross motion of defendant Transportation General, Inc. doing business as Metro Taxi Inc. (Metro) for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In the article 78 proceeding, TLC's determination to set the accessibility fee for the third year of a wheelchair-accessible program at $260 was not arbitrary and capricious (*see generally Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]). While that fee was a dramatic increase from the previous year's fee of $54, it was based on reasonable projections of

the program's third-year costs. TLC reasonably disregarded a prospective 30¢ surcharge, and its response to a Freedom of Information Law request did not reveal that it had breached any contractual obligations to audit or maintain information provided by Metro, its contractor.

Plaintiff lacks standing to enforce a contract between defendants TLC and Metro (TLC-Metro contract), because the contract expressly and unequivocally "negates any intent to permit enforcement by third parties" such as plaintiff (*Specialists Entertainment, Inc. v Moore*, 115 AD3d 424, 425 [1st Dept 2014]; *see Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783, 786-787 [2006]). Unlike the contracts in the cases cited by plaintiff (*see Diamond Castle Partners IV PRC, L.P. v IAC/InterActiveCorp*, 82 AD3d 421 [1st Dept 2011]; *Board of Mgrs. of Alfred Condominium v Carol Mgt.*, 214 AD2d 380, 382 [1st Dept 1995], *lv dismissed* 87 NY2d 942 [1996]), the TLC-Metro contract does not contain conflicting clauses regarding third-party beneficiaries. Given the foregoing determination, plaintiff's motion for class certification is academic (*Matter of Cannalonga v Doar*, 51 AD3d 552, 553 [1st Dept 2008], *lv dismissed in part and denied in part* 11 NY3d 861 [2008]).

We have considered the appealing parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ.